Walter Talmadge SWAITE and
Tommy Lynn SWAITE *v.* STATE of Arkansas

CR 80-222                                   612 S.W. 2d 307

Supreme Court of Arkansas
Opinion delivered March 9, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Defender, for appellants.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellants, Walter Swaite and Tommy Swaite, were each convicted and sentenced to five years for aggravated robbery and ten years for the attempted capital murder of Bill Junkin, and to one year for the aggravated assault of Glenda Junkin, and to one year for the aggravated assault of Connie Craft.

On the night of January 4, 1980, two men wearing ski masks entered a liquor store in Harrisburg. One had a .38 caliber revolver and the other had a .45 caliber automatic pistol. Bill Junkin, the owner of the store, saw them and told Glenda Junkin, his wife, and Connie Craft, his daughter, to lie on the floor. One of the robbers pointed a pistol at Bill Junkin who whipped out a pistol and yelled, "Hold it or I will blow your head off." The robber with the .38 caliber pistol fired and the bullet broke a half-gallon of whiskey sitting on a shelf right over Junkin's head. Junkin then shot at the robber holding the .45 caliber automatic, who instantaneously returned the shot; Junkin ducked behind a counter. The robber with the .45 then fired two more rounds

which hit the counter. These latter shots passed close to the head of Junkin's wife and all of the shots were within ten feet of his daughter.

At the time the shots were being fired, the victims heard a third person running behind the store. Then all three robbers ran to a parked car where a fourth person was waiting. Junkin fired two shots at the car as the four escaped.

I

Appellants argue that they committed only one crime during this criminal escapade and to convict them of more than one violates the United States Constitutional prohibition against double jeopardy and Ark. Stat. Ann. § 41-105 (1)(a)(2)(a) (Repl. 1977), which provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2); ...

. . .

(2) ... An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; ...

Appellants are correct in their argument that to convict, under these circumstances, of attempted capital murder under Ark. Stat. Ann. § 41-1501 (Repl. 1977) and Ark. Stat. Ann. § 41-701 (Repl. 1977), and aggravated robbery under Ark. Stat. Ann. §§ 41-2102 and -2103 (Repl. 1977) for the same conduct is prohibited by the provisions of § 41-105 quoted above.

The issue is whether one of these offenses is included in the other and is established by proof of the same or less than all the elements required to establish the commission of the other offense. If so, an entry of judgment of conviction on both of these charges will fall under the prohibition of Ark. Stat. Ann. § 41-105 (1)(a)(2)(a) (Repl. 1977).

In determining this issue we must examine the language of our capital murder statute which provides:

Ark. Stat. Ann. § 41-1501 (Repl. 1977):
Capital murder. — (1) A person commits capital murder if:

(a) acting alone or with one or more other persons, he commits or attempts to commit rape, kidnapping, arson, vehicular piracy, robbery, burglary, or escape in the first degree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; . . .

The language of our capital murder statute requires that a death be caused in the furtherance of the commission or attempt to commit any one of seven specific felonies. Proof of the elements of that specific felony, or its attempt, *must*, by definition, be had to support a conviction of the capital crime, or its attempt. It follows logically that, in proving the specified felony, there must be proof of "the same or less than all the elements required to establish the commission" of the capital offense (in this case, the attempted capital murder) and the specified felony is thus an "included" offense within the double-conviction prohibition of Ark. Stat. Ann. § 41-105(1)(a)(2)(a); therefore, § 41-105 prohibits the conviction of both an attempt to commit a greater offense and a lesser included offense arising from the same conduct.

The same principle applies, where, for the same conduct, a conviction is sought for attempted aggravated

robbery and robbery. By way of clarification, the statutory provisions for these crimes are:

Ark. Stat. Ann. § 41-2102 (Repl. 1977):
Aggravated robbery. — (1) A person commits aggravated robbery if he commits robbery as defined in section 2103 (§ 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person. . . .

Ark. Stat. Ann. § 41-2103 (Repl. 1977):
Robbery. — (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

The aggravated robbery statute, like the capital murder statute, by definition includes a specified lesser offense. It is obvious here that a conviction cannot be had under these statutes for attempted aggravated robbery and robbery when the same conduct establishes the commission of both offenses.

Appellants, also, correctly distinguish *Rowe v. State*, 271 Ark. 20, 607 S.W. 2d 657 (1980), where proper objections were not made in the trial court and where reliance was upon subsection (1)(e) of Ark. Stat. Ann. § 41-105 rather than subsection (1)(a).

Therefore, for the reasons stated, the convictions for attempted capital murder and aggravated robbery are remanded to the trial court to set aside judgment of conviction for one of these offenses which was entered contrary to the provisions of Ark. Stat. Ann. § 41-105.

Appellants are incorrect in their contention that there exists a statutory or constitutional prohibition against convictions for the aggravated assaults committed against

Glenda Junkin and Connie Craft. Although these crimes were committed in the same escapade, they were not of the same conduct because they were committed against different persons. By statutory definition there are added elements of proof — different victims.

The United States Supreme Court stated in *Whalen* v. *United States*, 445 U.S. 684, 691 (1980) that:

> [M]ultiple punishments cannot be imposed for two offenses arising out of the same criminal transaction [escapade] unless each offense 'requires proof of a fact which the other does not.' The clause refers, of course, to a rule of statutory construction stated by this Court in *Blockburger* v. *United States*, 284 U.S. 299, and consistently relied on ever since to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively.

The United States Supreme Court addressed the issue of multiple offenses arising from one escapade in *Ashe* v. *Swenson*, 397 U.S. 436 (1970) where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery; the Court held that principles of collateral estoppel embodied in the Double Jeopardy Clause barred prosecutions of the accused in a subsequent proceeding for robbing the other victims. Later, in *Brown* v. *Ohio*, 432 U.S. 161, 166 n.6 (1976), the Supreme Court concluded that separate convictions for the robbery of each victim in *Ashe* could have been had under the *Blockberger* test since each case required proof that a different individual had been robbed.

II

Appellants next contend that, if there was no double jeopardy, the evidence presented was insufficient to support the various convictions. On appellate review we affirm if there is any substantial evidence, when viewed most favorably to appellee, to support the jury's findings. *Pope* v. *State*, 262 Ark. 476, 557 S.W. 2d 887 (1977).

We have upheld a conviction for attempted capital murder by the combined usage of the attempt statute, Ark. Stat. Ann. § 41-701, and the capital murder statute, Ark. Stat. Ann. § 41-1501. *Stout* v. *State*, 263 Ark. 355, 565 S.W. 2d 23 (1978). The State is not required to prove a premeditated murder. The intent to kill is immaterial. *White* v. *State*, 266 Ark. 499, 585 S.W. 2d 952 (1979). Robbery is one of the felonies enumerated in the capital murder statute, and after robbery was proven, the State had to prove some additional action, which, under the circumstances, manifested extreme indifference to the value of human life.

Bill Junkin, the liquor store owner, identified Tommy Swaite as one of the two robbers who shot at him and shot near his wife and daughter. His testimony about the shooting is substantial evidence from which the jury could find the additional element that Tommy Swaite's actions manifested an extreme indifference to human life.

Walter Swaite also contends the evidence is insufficient to support his conviction. Neither the store owner nor his wife or daughter could identify Walter, but they testified that while Tommy and another person were inside the store, a third person was out back. When the shooting started, that person ran into some signs or an old air compressor and ran against the back of the building with such force that bottles were almost knocked off the top of the shelf.

Bill Junkin saw this third man tearing off his mask as he got to the left rear door of the get-away car. Junkin observed his height, weight, type of beard, style of hair and plaid coat. The car used in the affair belonged to Walter Swaite.

A description of the car was broadcast over the police radio, and a short time later an officer identified the car as it passed on his left side. He saw two people in the front seat of the car and saw that one of the two in the back seat had on a plaid coat. The officer chased the fleeing car at high speeds until they came to Farm Hill Road, a gravel road about eight miles south of Harrisburg. Here the fleeing car stopped momentarily, and two people got out and ran to a nearby

pasture. The driver and one passenger sped away, only to be captured in a short time.

One of the State's witnesses testified that at 6:15 the next morning he picked up a hitchhiker one and one-half or two miles from the place on Farm Hill Road where two of the robbers jumped from the fleeing car. The hitchhiker was Walter Swaite. His pants leg was torn and he had an injury compatible with running into the air compressor behind the building. This witness's description of the height, weight, hair, beard and coat of Walter Swaite is identical to the description given by the liquor store owner. This witness testified that Walter told him that he had been coon hunting all night.

At the trial Walter Swaite testified that he never left home on the night in question.

The conflicts and inconsistencies of witnesses are for resolution by the jury. When the testimony in this case is viewed in the light most favorable to appellee, there is sufficient evidence from which the jury could determine that Walter Swaite was guilty. There is no distinction between the criminal responsibility of an accomplice and the person who actually commits the crime. Ark. Stat. Ann. §§ 41-302, -303 (Repl. 1977). *Parker* v. *State*, 265 Ark. 315, 578 S.W. 2d 206 (1979).

### III

Appellant Walter Swaite also contends that the trial court committed error in not making a record of the factors considered in making his sentences run consecutively. The record in this case does not reflect the trial judge failed to exercise discretion in ordering the sentences to run consecutively. But, to the contrary, in these cases the trial court considered the background and age of Tommy Swaite before entering judgment and making his sentences run concurrently; immediately thereafter, Walter Swaite's sentences were made to run consecutively; the difference in the sentences demonstrates the court exercised discretion.

This case is distinguished from *Acklin* v. *State*, 270 Ark. 879, 606 S.W. 2d 595 (1980) because in *Acklin* the trial judge indicated he might not have exercised discretion, but rather imposed consecutive sentences as a matter of policy either because the defendant asked for a jury trial without any defense, or else it was his rule to always direct that jury sentences run consecutively.

## IV

Finally, appellants contend they are entitled to credit against their sentences for time spent in custody prior to trial. Appellants are entitled to this credit, but we do not reach this point on appeal. The trial judge announced in open court at the time of sentencing that appellants were entitled to this credit, but the orders of commitment do not so provide. There is no showing that this has ever been brought to the attention of the trial judge, and until it is, we will not consider the matter.

Affirmed in part. Reversed and remanded in part.

PURTLE and DUDLEY, JJ., dissent.