## J. L. TEDDER *v.* BLACKMON'S AUCTIONS, INC.

81-128                                                      623 S.W. 2d 516

Supreme Court of Arkansas
Opinion delivered November 9, 1981

*Greene & Barrow,* for appellant.

*Lance Hanshaw,* for appellee.

JOHN I. PURTLE, Justice. The trial court ruled that appellee did not become a bailee for the appellant under the circumstances. The appellant's claim was dismissed and a judgment entered finding no bailment situation had been created and the appellant had not sustained the burden of proof relating to the alleged negligence of the appellee. The appellant moved for a new trial and the motion was denied. It is from the order denying a new trial that the appeal is taken.

Appellant argues:

(1) The trial court's ruling is contrary to the law in that it failed to state how a bailment was avoided under circumstances not in dispute.

(2) The trial court's ruling was contrary to the evidence in that by not finding that the plaintiff had sustained the burden of proof of defendant's negligence, the court failed to note the admissions regarding the lack of care contained in defendant's testimony.

Appellant contends that he took five automobiles to the appellee's auction lot and parked them in designated parking slots. The keys were left in the vehicles. There is a dispute as to whether this was requested by the appellee. The vehicles were taken to the appellee's place of business about 10:00 a.m. although the sale did not start until 7:00 p.m. We are unable to determine the date from the poor quality of the abstract presented by the appellant. Appellant alleged the appellee accepted deliverance of the vehicles at 10:00 a.m. in the morning because he was given a check list, by an

employee of appellee, with a number on it which would determine the sequence with which the vehicles were to be brought through the auction ring. The appellee had various signs around his place of business stating he was not responsible for loss or theft to the vehicles. Appellee received no compensation for his services unless the vehicles were actually sold through the auction. No charges were made against the owners if the vehicles were not sold. The appellant was free to remove his vehicles from the premises at any time. The owners were present during the actual auction proceedings and had the right to accept or reject any bid obtained by the auctioneer. When appellant's automobiles came through the ring after the sale had started, only four of them appeared. The fifth vehicle was not to be found anywhere on the premises and from all we know it has never been located.

The appellant testified that he and his employees drove the car to appellee's premises and parked them inside the gate and left. After parking the vehicles the fifth vehicle was never observed again by the appellant.

The appellee testified that the auction lot was open all week but no one was there until about 9:00 a.m. on the sale date. He stated his parking area was for the convenience of the customers and not for his own use. He identified photographs of signs at various places on his premises to the effect that the facilities were there for the convenience of the customers. At least one sign stated: "We do not carry insurance to protect your cars against fire, theft or accident on the yard. Our company claims that each dealer have his own policy. Do you? . . . " Appellee testified that he always told the people that he was not responsible and they should take care of their own cars. Other car dealers testified that they were aware that dealers were responsible for their own vehicles and that they kept the keys to their vehicles and did not leave the keys in the cars.

Neither side has furnished an Arkansas case in point. The appellant has apparently made an attempt to make several references to Am. Jur. 2d, but we are unable to determine these were, in fact, references to Am. Jur. 2d. In

any event, appellant argues that a bailment includes any delivery of personal property for a specific object of lawful purposes. Even if we accepted this statement as law, it is apparent that the appellant never parted with control of his vehicles. The only time he would have parted with control would be if the vehicle sold when it passed through the auction ring.

Although the appellant appeals from the order failing to grant his motion for a new trial, the order is not properly abstracted. Therefore, we cannot determine whether there were findings of fact and conclusions of law as may be required in such cases. Where the case was tried without a jury and a motion for new trial was denied, it is the appellant's burden of proving on appeal that the trial court's decision was clearly erroneous. Arkansas Rules of Civil Procedure, Rule 52. From the abstract and argument we are not in a position to find that the trial court's holding was clearly erroneous.

Affirmed.