Lloyd C. FOSTER *v.* STATE of Arkansas

CR 81-115                                                631 S.W. 2d 7

Supreme Court of Arkansas
Opinion delivered April 5, 1982

428

*Bill F. Jennings,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This appeal arises from Lloyd Foster's convictions of aggravated robbery and first and second degree battery. He was sentenced by a jury to consecutive terms of fifty years, thirty-five years, and twenty years.

The State's evidence was that on March 2, 1981, Lloyd Foster, Ray Smith and Stanley Young set out from Little Rock to rob a bank in Emerson, Arkansas, in Columbia County, which was Stanley Young's hometown. Once in Emerson they stopped at Wise's general merchandise store. Smith and Young went in, looked at gloves and bought cigarettes. The appellant joined them and while there stole a pair of the gloves. The men then drove to the bank. There were too many potential witnesses in the area, so they circled the block several times. By the time they stopped, the bank had closed. Unable to get the doors open, their robbery attempt was thwarted. The men left, bought a six pack of

beer and drank it while deciding their next move. One of them suggested robbing Wise's. They planned that Ray Smith and the appellant would go in while Stanley Young would wait in the car with the motor running.

After arriving at Wise's, Ray Smith, wearing a ski mask, approached Mrs. Wise outside of the store. He ordered her inside and then struck her on the head with his pistol, knocking her unconscious for a moment. When Mrs. Wise came to she saw that her husband was being robbed by the appellant. Ray Smith then sprayed her face with mace. The appellant struck Mr. Wise in the head, got a small amount of money, and then shot Mr. Wise three times. The men ran outside to the waiting car and fled.

Stanley Young was arrested two days later. He testified for the State at the appellant's trial.

The appellant raises four issues on appeal. First he argues that the trial court erred in denying his motion for a change of venue. His motion included affidavits by four Columbia County residents who stated that the appellant would be unable to get a fair trial there. The State countered with two affidavits that averred that the appellant could receive a fair trial. The trial court held a venue hearing at which the appellant called eight witnesses who testified that they felt that the citizens of the county would be unable to render an impartial verdict. Three of the witnesses admitted, however, that all or most of the people they talked to about the robbery were from Magnolia. Three witnesses stated that they could not speak for anyone else, that it was merely their own opinion that the defendants would be unable to receive a fair trial in Columbia County. One of the witnesses admitted that he believed that the State would still have to prove its case beyond a reasonable doubt before obtaining a conviction. The State called no witnesses at the hearing.

A movant must demonstrate that there is countywide prejudice against him before his motion for a change of venue will be granted. *Cheney* v. *State,* 205 Ark. 1049, 172 S.W. 2d 427 (1943). At the hearing the trial judge made a concerted effort to determine whether the witnesses had

personal knowledge of countywide sentiment towards the appellant. From the witnesses' answers he concluded that the appellant had not met his burden of proving that he was entitled to a change of venue. The denial of a motion for a change of venue is within the discretion of the trial judge and his order is conclusive on appeal in the absence of an abuse of that discretion. *DuBois* v. *State*, 258 Ark. 459, 527 S.W. 2d 595 (1975). There was ample testimony by the appellant's witnesses from which the trial judge could conclude that the witnesses had no personal knowledge of prejudice that existed throughout Columbia County.

In his second point for reversal the appellant argues that there was insufficient evidence that the appellant committed second degree battery on Mrs. Wise and that the charge should not have been submitted to the jury. Mrs. Wise testified that Ray Smith, the appellant's accomplice, hit her in the head with his pistol. The blow cut her ear, knocked her down, and caused her to lose consciousness. As she came to, Smith sprayed her face with mace.

The applicable statute only requires that a person cause another physical injury by means of a deadly weapon. Ark. Stat. Ann. § 41-1602 (1) (b) (Repl. 1977). Mrs. Wise testified that she suffered physical injury when she was hit with a pistol, which is a deadly weapon. There was no error in submitting that charge to the jury.

Appellant argues in his third point that he was prejudiced when the judge spoke with Stanley Young during a recess in the trial in the presence of the jury. He contends that the judge's action lent a special credibility to Young's testimony for the State. The appellant does not provide us with any facts as to the reason for the conversation, what was said, whether it was within the hearing of the jury, the length of the conversation, or who initiated it. Neither does the appellant demonstrate how he was prejudiced. In the absence of any such facts we cannot say the appellant was prejudiced when the court denied his motion for a mistrial after the incident occurred.

In his fourth point for reversal, the appellant argues

that first and second degree battery are lesser included offenses of aggravated robbery and, therefore, to convict him of all three violates the constitutional prohibition against double jeopardy. We will not consider the argument as it relates to the second degree battery because he did not raise it to the trial court. Instead, the only objection made was:

> The defendant Lloyd Foster moves the Court that the charges of aggravated robbery and the charges of first degree battery with the appendage of the extra penalty for firearms constitute a double jeopardy, and one or the other should not be submitted.

Nor will we consider the argument made on appeal that the extension of appellant's sentences for first and second degree battery for use of a firearm pursuant to Ark. Stat. Ann. § 41-1004 subjects him to double jeopardy because it was not raised below. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980).

Ark. Stat. Ann. § 41-105 (1) (a) and (2) (a) (Repl. 1977), provides:

> (1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (a) one offense is included in the other, as defined in subsection (2); . . .
>
> (2) . . . An offense is so included if:
>
> (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . .

At issue is whether first degree battery is established by proof of the same or less than all of the elemens required to prove aggravated robbery. In this case, we must determine whether it is possible to commit aggravated robbery without

committing first degree battery. We find that it is possible. One can commit aggravated robbery merely by committing robbery and being armed with a deadly weapon or representing that he is so armed. Ark. Stat. Ann. § 41-2102 (Repl. 1977). To commit first degree battery, however, one must actually inflict serious injury. Ark. Stat. Ann. § 41-1601 (Repl. 1977). Therefore, the appellant's conviction of both aggravated robbery and first degree battery did not violate the double jeopardy prohibition of Ark. Stat. Ann. § 41-105. *See Swaite* v. *State,* 272 Ark. 128, 612 S.W. 2d 307 (1981).

Affirmed.