Marvin Louis AKINS *v.* STATE of Arkansas

CR 82-119                                    644 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered January 17, 1983

*Richard N. Moore* of *Dodds, Kidd, Ryan & Moore,* for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

John I. Purtle, Justice. Appellant was convicted by a jury of the crime of aggravated robbery, in violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977), and of battery in the first degree, in violation of Ark. Stat. Ann. § 41-1601 (Repl. 1977). He was sentenced to consecutive terms: life imprisonment for aggravated robbery and 20 years imprisonment for first degree battery. On appeal he argues: (1) the trial court erred in not granting a new trial because of a tainted in-court identification by a witness; and, (2) the trial court erred in convicting him of aggravated robbery and first degree battery, both of which arose out of the same conduct.

We agree that the conviction of both offenses cannot stand in view of the provisions of Ark. Stat. Ann. § 41-105 (Repl. 1977). Therefore, the conviction of battery in the first degree and the sentence therefor will be set aside.

Appellant was charged with the offense of aggravated robbery in that he employed physical force upon the victim through the use of a deadly weapon, a pistol. He was also charged with battery in the first degree by use of the same pistol which was employed in committing the aggravated robbery. There is no dispute that the person who robbed the victim shot him while following the same course of conduct which constituted the aggravated robbery. The battery occurred when the victim attempted to use his own pistol to prevent the robbery. The robber and his victim engaged in a shoot-out but only the victim was injured. His injuries were severe and he was hospitalized for a time.

After the conclusion of the trial appellant's attorney learned from a witness that the deputy prosecuting attorney had called witnesses Richards and Hooks outside the witness room and allegedly exhibited to them a picture of the appellant for the purpose of enabling them to identify the appellant when they testified before the jury. A motion for new trial was made based upon the alleged improper conduct of the deputy prosecuting attorney. A hearing on the motion was held and the deputy prosecuting attorney denied the allegation. Also, witness Richards denied seeing a photograph of the appellant before he testified. During the trial on the merits of the case Hooks had been unable to

identify the appellant. Therefore, there is no damage even if he did see a picture of the appellant. On the other hand, Richards made an in-court identification. During his testimony in the trial Richards made inconsistent statements to the jury. The victim also made inconsistent statements and misidentified a photograph of the appellant. Although both Richards and the victim made apparent errors in the identification process, both made positive in-court identifications of the appellant. This was all brought to the attention of the trial court during the hearing on the motion for new trial. The matter of a new trial is within the discretion of the trial court. We do not reverse the decision of the trial court unless appellant can meet the burden of proving that the trial court's decision was clearly erroneous. *Tedder* v. *Blackmon's Auctions, Inc.*, 274 Ark. 241, 623 S.W.2d 516 (1981). In the present case, this burden was simply not met by appellant.

We recognize there has been some confusion in situations where more than one offense was committed during a single course of conduct. Ark. Stat. Ann. § 41-105 (Repl. 1977) reads in part:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2) . . .

. . . .

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(b) . . .

We interpret this statute to prohibit multiple sentences when the same conduct results in more than one offense. An accused may be convicted of only one offense when the proof required to prove the offense necessarily included proof of another. The purpose of this statute is to allow a conviction of a lesser included offense when the accused is not convicted of the greater offense. In the present case the appellant was convicted of both the greater offense and the lesser included one. The plain meaning of the words used in this statute provides there may be only one conviction. Since the record clearly establishes a basis for both convictions, we must reverse one of them. The statute makes no provision as to the procedure to follow when there has been more than one finding of guilt resulting from the same conduct. In *Wilson v. State,* 277 Ark. 219, 640 S.W.2d 440 (1982), we held that the lesser penalty should be set aside in situations such as exist in the present case. We affirm our holding in *Wilson* and set aside the 20 year sentence and conviction for battery in the first degree.

The information charged battery in the first degree by use of the pistol which was used to commit the aggravated robbery. Therefore, the facts of the present case required proof of the aggravated robbery, the underlying felony, in the course of proving battery in the first degree which was alleged to have been committed during the course of a felony. Under the informations here in question the greater offense was actually included in the lesser offense. We are not unaware of our decision in *Foster v. State,* 275 Ark. 427, 631 S.W.2d 7 (1982), wherein we held that it was possible to commit aggravated robbery without committing first degree battery. In *Foster* the appellant did not raise the question of lesser included offenses pursuant to Ark. Stat. Ann. § 41-105. The issue raised by appellant Foster was that of double jeopardy. Although we held that aggravated robbery could be committed without committing first degree battery, we have an opposing situation before us here. In the present case the aggravated robbery is actually included in the proof required to sustain the charge of battery in the first degree.

Appellee relies heavily on the case of *Rowe* v. *State,* 271 Ark. 20, 607 S.W.2d 657 (1980); *cert. denied,* 450 U.S. 1043, However, no mention is made of *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982), wherein we granted Rule 37 relief and set aside one of the convictions in the first *Rowe* case. We agree with the appellee that the present case requires a decision in conformity with the *Rowe* cases. Since one offense was set aside in *Rowe* II, we do likewise in the present case.

We have reached the same result in a number of other cases including *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). In the case of *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 285 (1982), we addressed the issue by stating:

We affirm the conviction and sentence of capital felony murder but set aside the lesser included offenses of kidnapping and aggravated robbery in connection with offenses against Donald Lee Teague. Ark. Stat. Ann. § 41-105 (1) (a) and (2) (a) (Repl. 1977) prohibit the entry of a judgment of conviction on capital felony murder or attempted capital felony murder and the underlying specified felony or felonies.

The line of cases following *Swaite* and *Hill* holds that when a criminal offense by definition cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses under Ark. Stat. Ann. § 41-105 (1) (a). Therefore, we set aside the conviction and penalty imposed for first degree battery and affirm the conviction and penalty for aggravated robbery.

Affirmed in part; reversed in part.