## Elgie SANDERS *v.* STATE of Arkansas

CR 81-51                                648 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered March 28, 1983

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Elgie Sanders was convicted by a jury of aggravated robbery and first degree battery and sentenced to prison terms of 40 years and 20 years consecutively. The terms were ordered served consecutively. We affirmed. *Sanders v. State,* 274 Ark. 525, 626 S.W.2d 366 (1982). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37.

Three men, Shells, Thompson, and the petitioner Sanders were jointly charged with the aggravated robbery of three undercover police officers, and with first degree battery in the shooting of two of the officers in the course of the robbery. Testimony at trial indicated that the three officers negotiated a marihuana purchase from Shells and Thompson, who left to get the marihuana. When they returned, petitioner was with them. Both he and Shells had guns. Petitioner pointed his weapon at the officers and shots were immediately exchanged, with petitioner and two of the officers being struck.

Petitioner's sole ground for postconviction relief is that his being sentenced for both aggravated robbery by force and battery is a violation of the constitutional prohibition against double jeopardy and Ark. Stat. Ann. § 41-105 (1) (a) and (2) (a) (Repl. 1977). He contends that Criminal Procedure Rule 37.1 (a) requires this Court to grant relief from the conviction and sentence for first degree battery since it was imposed in violation of the constitution and laws of this State. We agree for two reasons. First, both convictions grew out of a single act; and secondly, under the felony information in this case the proof required to prove one of the offenses necessarily included proof of the other.

In *Akins* v. *State,* 278 Ark. 180, 644 S.W.2d 273 (1983), wherein the appellant was also charged with aggravated robbery and first degree battery, we held that Ark. Stat. Ann. § 41-105 (Repl. 1977) prohibits multiple sentences when the same act results in more than one offense. We also noted that when a criminal offense cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses under § 41-105. *Akins, supra,* citing *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 285 (1982); *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). In *Akins,* a case similar to petitioner's in which the victim of an armed robbery attempted to use his own pistol to prevent the robbery and was shot by the robber, we set aside the conviction and sentence for battery. We must afford petitioner the same relief. Count I of the felony information on which he was tried charged that he committed aggravated robbery by force.

Count II charged that "in the course of and in furtherance of the felony [i.e. the aggravated robbery by force], he . . . caused serious physical injury. . . . " As in *Akins*, the proof required to prove one offense necessarily included proof of the other. Therefore, in accordance with A.R.Cr.P. Rule 37.1 (a) the conviction and sentence for the lesser offense, battery in the first degree, must be set aside since it was imposed in violation of Ark. Stat. Ann. § 41-105 (Repl. 1977). The conviction and sentence for aggravated robbery are not disturbed. See also *Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982).

Petition granted.

HICKMAN, J., concurs.

ADKISSON, C.J., not participating.

DARRELL HICKMAN, Justice, concurring. I agree with the result in this case. We decided in *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981), that under the capital murder statute a person could be charged with the commission of capital murder and the underlying felony but could not be convicted of both. That same principle was applied in the case of *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982), when the charge was attempted capital felony murder. Necessarily, that principle has been applied when one is charged with committing a first degree battery under paragraph (d) of Ark. Stat. Ann. § 41-1601 (Repl. 1977), because such a battery is committed in the course of a felony. This does not necessarily preclude a person from being charged and convicted of aggravated robbery and first degree battery; and if indeed there are two separate acts involved, the prosecuting attorney should not charge a defendant with first degree battery in violation of § 41-1601 (d) but with one of the other three possible charges for first degree battery.