Harvey WILLIAMS, Jr. *v.* STATE of Arkansas

CR 83-132                                    663 S.W.2d 928

Supreme Court of Arkansas
Opinion delivered February 13, 1984

*Danny P. Rodgers* and *James C. Graves,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. This is the second appeal of appellant's conviction of capital felony murder for the rape and murder of a seventy-eight year old woman, Sidney Riley. He was sentenced to life imprisonment without parole, but on appeal the case was reversed and remanded on the ground that the Denno hearing had been conducted without the state producing all the material witnesses. *Williams* v. *State,* 278 Ark. 9, 642 S.W.2d 887 (1982). On retrial, appellant was again found guilty and given the same sentence. He brings this appeal on two points, neither of which has merit.

Appellant contended in the first appeal that evidence was obtained without a lawful arrest. He had been taken into custody at the state police headquarters and had received repeated *Miranda* warnings. While there the police had

taken some of appellant's clothing for lab examination and appellant voluntarily offered and gave a full confession. Shortly thereafter, formal words of arrest were addressed to the appellant. We found it was not essential to pinpoint the moment of arrest. Probable cause had existed when the appellant was first taken into custody and the officers were not required to make an arrest when they first had probable cause. Formal words were not essential to an arrest and the arrest had existed in fact without a specific statement to that effect. Appellant now argues that we reconsider our holding because there was new testimony at the second Denno hearing negating any arrest in fact, express or implied. Although there was some additional testimony at the second hearing generally pertaining to this issue, there was nothing additional that altered the circumstances underlying our holding in *Williams I* — nothing to negate the existence of probable cause or the circumstances of the arrest in fact.

Appellant also maintains the court erred in failing to grant his motion for a directed verdict. He argues that the evidence was insufficient to show that the death of Sidney Riley was caused in the "course of and in furtherance of the rape and under circumstances manifesting an extreme indifference to the value of human life." Ark. Stat. Ann. § 41-1501 (1) (a). Appellant contends that Mrs. Riley had a knife in her hand, struck at him and in the ensuing struggle his weight came down on the knife and stuck in her chest. The knife was found in the victim's hand and there was no evidence of appellant's fingerprints on the knife. Appellant argues that at most the evidence would only support a finding of manslaughter.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. Substantial evidence must be forceful enough to compel a conclusion one way or another beyond suspicion and conjecture, *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982), and circumstantial evidence can present a question for the jury and provide the basis to support a conviction. *Yandell* v. *State,* 262 Ark. 195, 555 S.W.2d 561 (1977). On review it is only necessary to ascertain that evidence which is most favorable to the appellee and if there is substantial

evidence to support the verdict, the finding must be affirmed. *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981). When Mrs. Riley's body was found, it was determined that she had been stabbed with a knife. The medical examiner's testimony was revealing. He testified that the victim had suffered "two kinds of violence." First was the sexual assault, the evidence indicating the act was done in a violent manner. The victim's clothes had been torn, were in disarray and the vaginal area had been bruised. Second and significantly, the examiner testified that there were two stab wounds in the chest area of the victim. We find from the circumstances of the death and the evidence presented that there was substantial evidence from which the jury could conclude that the death was caused under circumstances manifesting extreme indifference to the value of human life.

We have examined all other objections made during the trial pursuant to Rule 11(f), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1977) and find no error. See *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981).

The judgment is affirmed.