Virginia M. SMITH *v.* STATE of Arkansas

CR 83-135                                    669 S.W.2d 201

Supreme Court of Arkansas
Opinion delivered May 29, 1984

536

*Daniel D. Becker,* for appellant.

*Steve Clark,* Atty. Gen., by: *Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant Virginia M. Smith was con-

victed by a jury in March, 1983, of first degree murder, Ark. Stat. Ann. § 41-1502 (Repl. 1977). She was sentenced to life imprisonment in the Arkansas Department of Correction. It is from that conviction that appellant brings this appeal.

Pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of her right to file a pro se brief within 30 days. *See* Rules of the Supreme Court and Court of Appeals, Rule 11 (h), Ark. Stat. Ann Vol. 3A (Supp. 1983). She did not file a brief. The State concurs that the appeal has no merit.

There was conflicting testimony in pretrial hearings from medical experts regarding appellant's mental condition. After all the testimony was taken, the trial court found that appellant was competent to stand trial. It left the question of whether appellant was legally responsible for her conduct at the time of the crime to the jury. An instruction was given on intoxication as a defense. When confronted with conflicting testimony from expert as well as other witnesses on the issues of fitness to proceed and legal responsibility for a criminal act, the finder of fact is the sole judge of the credibility of the witnesses. *Curry* v. *State,* 272 Ark. 291, 613 S.W.2d 829 (1981); *Gruzen* v. *State,* 267 Ark. 380, 591 S.W.2d 342 (1979). On appeal, we uphold the findings if there is substantial evidence to support them when the evidence is viewed in the light most favorable to the appellee. *Curry* v. *State.* Substantial evidence is evidence of sufficient force and character to compel a conclusion of reasonable and material certainty. *Fountain* v. *State,* 273 Ark. 457, 620 S.W.2d 936 (1981). Here, we find that the psychiatric examination of the appellant which indicated that she was probably sane was substantial evidence that appellant understood the charges against her and could assist her counsel in defending her. We also find substantial evidence to support the jury's finding that appellant was legally responsible for her conduct at the time the crime was committed.

There was also evidence to support the jury's finding that appellant committed the crime despite the fact that

there were no eyewitnesses to the bludgeoning of the victim. The evidence indicated that appellant was at the scene of the murder immediately before and after the victim was killed. Tape recordings of telephone calls made by the appellant to the police on the day of the murder were introduced in which appellant threatened to kill the victim. Appellant was seen spattered with blood and the victim's wallet was found in her purse. She gave false statements as to the ownership of the wallet and said the blood on her was only red dye. False and improbable statements explaining suspicious circumstances such as the ones made by appellant are admissible as proof of guilt. *Jones* v. *State,* 61 Ark. 88, 32 S.W. 81 (1895). Guilt may also be proved even in the absence of an eyewitness by circumstantial evidence. Evidence of guilt is no less substantial because it is circumstantial. *Surridge* v. *State,* 279 Ark. 183, 650 S.W.2d 561 (1983). The jury was correctly instructed that circumstantial evidence must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. The evidence against appellant was clearly consistent with her guilt.

In an inventory of the contents of appellant's purse at the police station, the victim's wallet and driver's license were found. The contents of the purse were found admissible over appellant's objection as the product of the inventory search. Criminal Procedure Rule 12.2 provides that police officials may conduct a search of the accused's personal effects which are "ready to hand." As appellant's purse was in her possession at the police station, it was not improper to search it.

When a police officer arrived at the house where the victim was murdered, he asked appellant how she had gotten blood all over her. She answered that she had gotten blood on herself at work. Appellant moved to suppress the statement and two others made after she was arrested. At the time appellant made the pre-arrest statement she was not in custody and not a suspect. There is no requirement that a person be advised of her constitutional rights before a noncustodial statement is admissible. See *Davis* v. *State,* 275 Ark. 264, 630 S.W.2d 1 (1982). The remaining statements were made at the police station after appellant's arrest and

after she had been advised of her rights. In response to an inquiry about the owner of the wallet in her purse, appellant said it belonged to the victim. She explained that she had cashed a check for him to pay some bills. After being advised of her rights a second time, an officer told appellant that her photograph would be taken to record the bloodstains on her. She said that the stains were red dye. Her attorney was present when both statements were made. Neither appellant's explanation of her possession of the wallet nor the reason for the stains was given in response to a direct question. The voluntary spontaneous statements made by suspect after being advised of her rights may be used against her. *See Little* v. *State*, 261 Ark. 859, 554 S.W.2d 312 (1977), *cert. denied*, 435 U.S. 957 (1978), *reh. denied*, 436 U.S. 923 (1978). On appeal, this Court makes an independent determination of the voluntariness of statements based on the totality of the circumstances. The decision of the trial court as to voluntariness will be upheld unless it is clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W.2d 515 (1974). An examination of the circumstances surrounding the three statements made by appellant indicates that the trial court's findings were not clearly against the preponderance of the evidence.

Appellant placed several telephone calls to the police before the victim's death. She objected to the introduction of tape recordings of the calls into evidence. The officer who took the call testified that the tape was an accurate recording and that the caller was the appellant. As the evidence was clearly relevant to the question of appellant's guilt or innocence, there was no error in the admission of the tapes. *See Moore* v. *State*, 270 Ark. 592, 605 S.W.2d 445 (1980).

Appellant asked for the court to declare a mistrial when a policeman testified about the photographs of blood in the room where the victim was found on the ground that the officer was not an expert and could not identify which substances were blood. The request was denied. The photographs of the murder scene show spatterings of some substance in the area around the body. The policeman who was present when the pictures were taken may have inferred

that the substance was blood but a non-expert witness may testify to inferences from his personal knowledge. *See Gruzen* v. *State,* 276 Ark. 149, 634 S.W.2d 92 (1982). Moreover, the officer said that the photographs depicted what "appeared to be" blood.

The appellant also sought to suppress photographs of the victim's body on the basis that the pictures were cumulative and unduly inflammatory. The court excluded some photographs but admitted others, finding that their probative value outweighed any prejudicial effect. Photographs are admissible if they tend to shed light on an issue, aid a witness in describing the scene depicted or provide the jury with a better understanding of the testimony. *Sumlin* v. *State,* 266 Ark. 709, 587 S.W.2d 571 (1979). The fact that the photographs are gruesome is not reason in itself to exclude them. See *Walton* v. *State,* 279 Ark. 193, 650 S.W.2d 231 (1983). Here, one side of the victim's face had been crushed by the force and number of the blows. The photographs accurately portrayed the nature of the wounds, and we cannot say that the trial court abused its discretion in admitting them.

Appellant sought to introduce photographs of herself which were taken while she was hospitalized in 1969. She also proffered pharmacy bills from 1969 to prove that she had suffered from drug abuse since her hospitalization. The court denied entry of the 1969 photos and bills because they were too remote in time from the 1983 charge against appellant. A ruling on the relevancy of evidence is discretionary with the trial court. Its decision will not be reversed unless an abuse of discretion is found. *Kellensworth* v. *State,* 278 Ark. 261, 644 S.W.2d 933 (1983). Appellant did not clearly establish by evidence at trial that there was a link between her hospitalization and the medication prescribed for her in 1969 and her conduct in 1983. We find no abuse of discretion in denying admission of the photographs and pharmacy bills.

From a review of the entire record and the briefs, we find no reversible error. Accordingly, the appeal is without merit

and the judgment is affirmed. Counsel's motion to be relieved is granted.

Affirmed.