Robert Lee TROTTER, Jr. *v.* STATE of Arkansas

CR 86-112                                                   719 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered November 10, 1986

*Graves & Graves*, by: *William Randal Wright*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. In this appeal, the appellant challenges the admissibility of a confession purportedly made by him, and the sufficiency of the evidence of aggravated robbery. We find the evidence was not sufficient to warrant the conviction and, accordingly, reduce the sentence to that prescribed for the lesser included offense of first degree battery. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b).

The facts supporting the charge as gleaned from the testimony of the victims and an accomplice, were as follows. The appellant and a friend, Lawrence Benson, walked into Bob's Grocery Store in Ozan, Arkansas. The owner of the store, Robert Goodlet, was inside along with his brother, Sloman Goodlet, and Virgil Tollett. As soon as they walked inside, the appellant, who was carrying a gun, shot Robert in the neck. He then fired at Sloman from about four feet away, but the gun apparently misfired. Sloman testified he thought he was hit and dropped to the floor. The appellant then reached over the counter with the gun and held it to Sloman's head, but it again didn't fire. Appellant "fooled" with the gun for a second and the two men then walked out. They stood outside for a moment, working on the gun, and then turned back towards the store. When someone pulled up, appellant and Benson ran off. No words at all were spoken by the two men, according to Benson, Tollett, and the Goodlet brothers. No attempt was made to take any money, merchandise, or personal effects.

Appellant's confession was admitted into evidence against him. In it, he stated, that he and Benson were fishing in a stock pond when Benson started talking about robbing Bob's Store and "getting some money." Appellant said they went through the door of the store, talked to the men a minute, then appellant told them he wanted the money and pulled the gun out of his right pants pocket. The gun went off, according to appellant, and he and Benson turned and ran.

The only evidence of robbery, which is a necessary element of proof in a charge of aggravated robbery, Ark. Stat. Ann. § 41-2102 (Supp. 1985), § 41-2103 (Repl. 1977), is contained in appellant's statement. Arkansas Stat. Ann. § 43-2115 (Repl. 1977) provides:

> [a] confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.

To satisfy this statute and corroborate the confession, the state had to prove only that the crime was committed by someone, *McQueen* v. *State*, 283 Ark. 232, 675 S.W.2d 358 (1984); *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985), however, the state did not meet its burden of proof in this instance.

■ In other cases, we have found sufficient evidence that a robbery was committed when the appellant was wearing a watch belonging to the victim when he was arrested, *Smith* v. *State, supra*; where the appellant took money from the victim's billfold after he raped and murdered her, *Owens* v. *State*, 283 Ark. 327, 675 S.W.2d 834 (1984); and where appellants forced their way at gunpoint into a hotel room and ordered the male occupant to "Get them up." *Johnson & Carroll* v. *State*, 276 Ark. 56, 632 S.W.2d 416 (1982). In *Johnson & Carroll*, although the appellants did not take anything from the hotel room, they were convicted of aggravated robbery. They argued the evidence was insufficient for the jury to find that their purpose was to commit a theft. We held:

> There is no merit to this argument. Intent or purpose to commit a crime is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances. (citation omitted).

> The jury is allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. Here, there is no evidence that appellants knew any women were in the room; therefore, the jury could have excluded intent to rape. The jury could have also have concluded that if appellants had intended to murder Sealey they would not have paused to demand that he raise his hands.

> Common knowledge and experience, when considered in the light of the facts of this case, could enable the jury to find that the only purpose appellants could have had in sticking a gun in Sealey's chest and saying, "Get them up," was to rob Sealey.

■ Here, the testimony indicated that the opposite occurred. The appellant did not say or do anything when he entered the store to shed light on his intent. Instead, he just opened fire. Accordingly, there was no evidence appellant intended to do anything but harm the Goodlets.

■ The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984).

Substantial evidence must be forceful enough to compel a conclusion one way or another beyond suspicion and conjecture. *Id.* On review it is only necessary to ascertain that evidence which is most favorable to the appellee and if there is substantial evidence to support the verdict, the finding must be affirmed. *Id.* Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Smith* v. *State*, 282 Ark. 535, 669 S.W.2d 201 (1984). Inasmuch as there was no substantial evidence, direct or circumstantial, to enable a jury to find appellant guilty of aggravated robbery, the conviction must be reversed.

Appellant also contends that the trial court erred in admitting his confession into evidence. His argument primarily challenges that portion of the rights form read to him which states that an attorney will be provided if he cannot afford to retain one.

A *Denno* hearing was held at which evidence was offered that appellant was advised of his rights, indicated that he understood each right, and initialed the rights statement. The trial court found the appellant was advised of his rights, understood them, and freely and voluntarily gave his statement.

Number four on the rights form states: "Do you understand that if you cannot afford a lawyer, one will be appointed for you by the court before any questioning if you so desire?" Appellant maintains that the form of this statement does not meet the standards of *Miranda* because it does not provide that the appointed lawyer will represent him without cost.

Sheriff Dick Wakefield testified at the *Denno* hearing as follows:

Q: All right. And did you explain to him, for example in Number 4 of that statement, that this attorney that would be given to him would be without cost?

A: Yes, sir.

. . . .

Q: Well, it doesn't state that in Number 4.

A: Number 4 says that if he can not afford one, one would

be appointed for him at no cost.

Q: No, it doesn't say at no cost, that's what I'm saying. Did you say that reading Number 4 as is or did you go on to explain to him that it was without cost?

A: Well, we read it to him as is, but I'm sure that I went into it, I always do, that there will be absolutely no cost to the defendant.

Further, Charles A. Hefner of the Arkansas State Police, who was with Sheriff Wakefield during the reading of the rights and taking of the statement, testified that Sheriff Wakefield "would interject into that [the rights] a more down to earth level as far as saying that, you know, if you don't have the money, we'll appoint you one and give you one free and stuff like that. This is normal procedure."

The trial court was justified in finding from this testimony that the availability of an attorney free of charge *was* explained to appellant. Nevertheless, in discussing this issue before we have criticized the use of similar forms that do not make it clear to an indigent defendant that an attorney will be provided to him without cost if he cannot afford to retain one. In *Thomerson v. State*, 274 Ark. 17, 621 S.W.2d 690 (1981) we explained:

> Although it would be a better practice to acquaint a defendant that counsel would be appointed by the court without cost to him, here, when we examine the totality of the circumstances surrounding the waiver and the confession, the lack of the words "free of charge", or similar words, does not appear to negate the overall effectiveness of the twice given warning or the voluntariness of the confession. Therefore, we cannot say the trial court's finding that the confession was voluntary is clearly against the preponderance of the evidence.

*See also, Chambers v. State*, 275 Ark. 177, 628 S.W.2d 306 (1982).

Had the sheriff not augmented the form with his own comments that counsel would be provided at no cost to the defendant, we would have to find the advice given appellant was

inadequate. But because the sheriff did offer that explanation, and because under the totality of the circumstances surrounding this confession we do not think the trial court's finding of voluntariness was clearly against the preponderance of the evidence, we find no merit in appellant's argument that his confession should have been excluded. We caution, however, against the use of this and similar forms when informing a defendant of his rights. It must be made clear to a defendant that he has access to an attorney at absolutely no cost to him before he agrees to waive his right to counsel.

Although we find that the proof does not support the jury's finding of aggravated robbery, it does support the lesser included offense of first degree battery. A person commits battery in the first degree if, with the purpose of causing serious physical injury to another person, he causes such injury to any person by means of a deadly weapon or if he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life. Ark. Stat. Ann. § 41-1601 (Repl. 1977). While aggravated robbery belongs in the generic class of robberies, or offenses against property, and first degree battery is an offense against persons, the two crimes overlap in this instance to make first degree battery a lesser-included offense of aggravated robbery. We have held that a person cannot be convicted of both aggravated robbery and first degree battery when the two crimes overlap and have set aside the battery charge as the lesser included offense. See Atkins v. State, 278 Ark. 180, 644 S.W.2d 273 (1983); Sanders v. State, 279 Ark. 32, 648 S.W.2d 451 (1983); and Robinson v. State, 279 Ark. 61, 648 S.W.2d 446 (1983). In Foster v. State, 275 Ark. 427, 631 S.W.2d 7 (1982), the appellant argued that the charges of first degree battery and aggravated robbery constituted double jeopardy and should not both have been submitted to the jury. We explained that the issue was "whether first degree battery is established by proof of the same or less than all of the elements required to prove aggravated robbery." To determine this, we had to ascertain "whether it is possible to commit aggravated robbery without committing first degree battery." This court held:

> We find that it is possible. One can commit aggravated robbery merely by committing robbery and being armed with a deadly weapon or representing that he is so armed.

Ark. Stat. Ann. § 41-2101 (Repl. 1977). To commit first degree battery, however one must actually inflict serious injury. Ark. Stat. Ann. § 41-1601 (Repl. 1977).

In this case, appellant was charged by felony information with aggravated robbery in "that he inflicted or attempted to inflict death or serious physical injuries upon another person." As a matter of fact, he was armed with a gun and actually inflicted serious injury on Robert Goodlet. Therefore, first degree battery, under this scenario is a lesser included offense of aggravated robbery and we can impose a sentence for the lesser offense when presented with a failure of proof of the greater. We have held that,

> [i]n this situation we may, depending upon the facts, "reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally."

*Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

First degree battery is a class B felony punishable by five to twenty years imprisonment. Since the jury in this case imposed the maximum punishment of life imprisonment on the appellant for the charge of aggravated robbery, we too fix the punishment at the maximum for the lesser offense, and impose a twenty-year sentence on the appellant.

Affirmed as modified.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority holds that the confession cannot be used to supply the proof that robbery was intended. It says there was no evidence of the element of theft outside the confession, and, therefore, the conviction cannot stand. The statute quoted simply means that a person cannot be convicted on a written or oral confession alone. There must be other proof of the crime. The state certainly proved a crime was committed and a jury could reasonably conclude that Trotter went in the store to rob it. I doubt whether Trotter knew exactly what he was going to do, but robbers have been known to

try to hold up stores. Evidently, he was not an experienced robber. He shot the man behind the counter and then tried to shoot the victim's brother; the gun misfired and Trotter panicked and fled. It would not be the first time an inept robber failed in his attempt and fled.

A jury is not supposed to put aside its common sense and neither should we. We do not know exactly what Trotter was thinking, nor do we have to. What we do know is that he and his friend were wandering around that day. They were going to the store to get something to eat, according to his friend. According to Trotter's confession, they were going to get some money.

The majority's reading of the statute is entirely misplaced. It does not say anything about proving beyond a reasonable doubt all the elements of the crime; just that other proof is required. In this case, considering the facts, together with all reasonable inferences permitted, the verdict is justified. The majority ignores the perfectly ordinary and reasonable conclusion one would draw: Trotter intended to rob the store.

Trotter does not even argue the statute. Yet the majority uses it as a basis for reversing the case. We should not look for reasons to void the verdict, but whether the evidence supports it.

I would affirm the conviction.

HAYS, J., joins in this dissent.