Lawrence BENSON *v.* STATE of Arkansas

CR 87-3                                        739 S.W.2d 163

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Lawrence Benson was convicted of aggravated robbery and sentenced to twenty years imprisonment. He appealed the conviction to the Arkansas Court of Appeals. The court of appeals found our opinion in *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986), to be controlling. Trotter was the petitioner's accomplice. The petitioner and Trotter entered a store, and Trotter shot the owner. He shot again but the gun misfired, and Trotter and the petitioner fled. Both were convicted of aggravated robbery. We found in *Trotter* that there was insufficient evidence of aggravated robbery since there was no evidence that Trotter intended to rob the store. We reduced the charge to first degree battery, and the sentence was changed from life to twenty years imprisonment. *Trotter* v. *State*,

*supra.* When the petitioner appealed, the court of appeals followed the *Trotter* opinion and reduced the charge to first degree battery, but retained the sentence of twenty years since that was within the allowable limits of punishment for first degree battery, a class B felony. The petitioner now seeks permission to proceed in the circuit court for an evidentiary hearing pursuant to Criminal Procedure Rule 37.

The petitioner alleges that the court of appeals erred in: (1) finding him guilty of first degree battery since he had not been charged with or tried by a jury for that crime; (2) finding first degree battery since the elements are different than in aggravated robbery; and (3) not reducing the petitioner's sentence since the jury clearly intended that he receive a lesser sentence than his accomplice's. Each of these points was raised in the petitioner's petition for rehearing, which the court of appeals denied, and in his petition for review, which we denied. Therefore, the points were settled on appeal. Rule 37 does not provide an opportunity to reargue points which have already been determined on appeal. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981); *Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980). Moreover, even if these issues had not been litigated on appeal, they would not be sufficient, if meritorious, to void the judgment. Therefore, Rule 37 would not afford the petitioner postconviction relief. *See Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied*, 452 U.S. 973 (1981).

Petition denied.