Willis WILLIAMS *v.* STATE of Arkansas

87-187 746 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Leon N. Jamison*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The only argument Willis Williams raises is that the trial court should have directed a verdict on his behalf; however, there was substantial evidence that Williams committed aggravated robbery and theft, and his conviction and sentence are affirmed.

Sue Willard, the pawn broker of a shop in Pine Bluff, testified that two men, Kenneth Kendyl and Willis Williams, were in her shop several times on the morning of August 4, 1986. First, Kendyl came into the shop and asked for the "car man" who worked next door; Williams was standing at the window but jerked back when she looked and saw him. Soon thereafter, Williams came in and asked for change for a dollar. Ms. Willard testified that this occurred between 11:00 and 11:30 a.m. Around noon Kendyl came in again and asked for the "car man" and then asked to see some jewelry. Ms. Willard handed him a necklace which he dropped; she bent over to pick it up and when she raised up, Kendyl had a .38 pistol in her face.

Another person came in and started pulling jewelry from the case. Ms. Willard was told if she looked up she would be killed; she did not look up.

Ms. Willard could not identify Williams as the other man, but others placed him at the store and connected him to the robbery. Mr. McCloud who also testified at the trial said that he saw Williams and another man leaving the shop around noon. George Parchell testified he saw Williams on the evening of the robbery and that Williams gave him a brown bag containing jewelry, which he asked Parchell to keep. Ricky Lynn Ray shared a cell with Williams and testified Williams told him that he, Williams, and his cousin Kendyl planned the robbery the night before.

At trial Williams denied that he robbed the store. He said that Kendyl robbed the store and then hid the jewelry in Williams' house.

On appeal we look to see if there is substantial evidence to support the verdict. *Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984). It was for the jury to decide who was telling the truth and what weight to give to the testimony of the

20

witnesses. We find that there was substantial evidence to support the verdict.

Affirmed.