**Virginia SMITH, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

**No. 88–2248.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.

Decided Feb. 10, 1989.

Ken Cook, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Virginia M. Smith appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing her 28 U.S.C. § 2254 petition for a writ of habeas corpus. For reversal, Smith argues that the district court erred in (1) finding that her claims of incompetency both at the time she did the act for which she was convicted and at the time of trial are without merit and (2) finding that her claims that the jury was improperly instructed, the case was submitted on improper verdict forms, and that her counsel was ineffective are barred by procedural default. For the reasons discussed below, we affirm the order of the district court.

Smith was convicted in Arkansas state court of murder in the first degree and sentenced to life imprisonment in the Arkansas Department of Corrections.

---

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

Smith's counsel appealed the verdict but filed a no-merit brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Smith was notified of her right to file a *pro se* brief within thirty days. She failed to do so, and her conviction was affirmed by the Arkansas Supreme Court on direct appeal. *Smith v. State,* 282 Ark. 535, 669 S.W.2d 201 (1984). In an unpublished opinion, Smith was denied permission under Rule 37 of the Arkansas Rules of Criminal Procedure to proceed further in state court in pursuit of post-conviction relief. *Smith v. State,* No. CR–83–135 (Ark.Sup.Ct. Sept. 24, 1984) [1984 WL 1570].

Having exhausted all available avenues for relief in Arkansas state court, Smith filed a petition for a writ of habeas corpus in December 1984 in federal district court. The petition was denied. *Smith v. Lockhart,* No. PB–C–84–575 (E.D.Ark. Apr. 17, 1985). Her appeal of that decision was dismissed as frivolous by this court. *Smith v. Lockhart,* No. 85–1777 (8th Cir. Dec. 5, 1985), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). Smith then filed a second petition for a writ of habeas corpus in May 1986. The petition was amended in January 1987 and subsequently dismissed by the district court. *Smith v. Lockhart,* No. PB–C–86–237 (E.D. Ark. Apr. 30, 1987). Smith appealed *pro se* from the district court's dismissal of her second habeas petition, and this court remanded the case to the district court for findings of fact on five issues. *Smith v. Lockhart,* 837 F.2d 479 (8th Cir.1987) (per curiam).

In January 1988 Smith, with the assistance of her court-appointed counsel, briefed the five issues. In June 1988 a supplemental habeas petition was filed in order to explain Smith's apparent procedural default with respect to three of the five issues. The district court subsequently entered an order denying Smith's second petition. *Smith v. Lockhart,* No. PB–C–86–237 (E.D.Ark. July 13, 1988) (*Smith VII*). This appeal followed.

The district court rejected Smith's claim that there was insufficient evidence that she was competent at the time the act was committed because she did not establish that "no rational trier of fact could have found the evidence of competency to outweigh the evidence of insanity." *Smith VII,* slip op. at 5; *see Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). The district court specifically found that the jury properly resolved the conflicting testimony of the two examining psychiatrists and that there was ample evidence that Smith was competent at the time of the act. *Smith VII,* slip op. at 5.

The district court rejected Smith's claim that she was incompetent to stand trial because there was no evidence in the record to indicate that she "was unable to understand the proceedings against her or assist in her own defense." *Id.* at 6. It specifically found that both examining psychiatrists concurred in the opinion that Smith was competent to stand trial. *Id.* at 5.

The district court refused to address on the merits Smith's claims of improper jury instruction and submission of improper verdict forms as well as her ineffective assistance of counsel claim because she failed to raise the claims in Arkansas state court. It ruled that she had failed to show cause to excuse her procedural default with regard to those grounds for relief. *Id.* at 10–12; *see Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977).

We have carefully reviewed the entire record, and we agree with the district court that Smith's competency claims are without merit and that the remainder of her claims are barred by procedural default.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir. R. 14.