## JONES V. RAILWAY.

Decided March 8, 1890.

1. *Value of property—How proved in absence of local market.*

Where there is no adequate local market, the value of personal property may be fixed by proof of value at the nearest available market with proper addition or deduction for cost and risk of transportation, according as the property is held for sale or for use.

2. *Proof of distant market—When admissible.*

Evidence of the value of such property in a distant market is inadmissible, unless it be proved that there is no adequate local market, or that the two markets are interdependent and sympathetic, or that the evidence of the value in the distant market otherwise tends to prove the value in the local market.

3. *Depositions excluded for incompetency—Subsequent proof of competency—Renewal of offer to introduce.*

Depositions, which were properly excluded for incompetency when standing alone, should again be offered in evidence, if subsequent proof discloses their competency.

APPEAL from *White* Circuit Court.

M. T. SANDERS, Judge.

Jones sued the St. Louis, Iron Mountain and Southern Railway Company for killing a colt in White county, valued at $1,000.00. Before the trial defendant moved to suppress certain parts of the depositions of witnesses who resided at Leslie, Michigan, tending to prove the value of the colt at that place. The testimony was excluded. Subsequently plaintiff showed that there was no adequate local market for such an animal at the place of killing. There was a verdict

for the plaintiff in the sum of $400.00.     Plaintiff appealed, alleging as error the exclusion of the above testimony.

*W. R. Coody* for appellant.

The court erred in suppressing the depositions, as to the value of the colt in the market where there was demand and sale for such colts.

The measure of damages is the market value of the animal.   50 Ark., 176-9.   If there is no market value at the place where killed, then evidence is admissible of the market value at a place where there was a market value on such articles, less cost of transportation, etc.   2 Suth. on Dam., 273;  44 Me., 255;  1 Har. & G. (Md.), 444;  30 Me., 491; 7 N. H., 361;  12 Cal., 171;  13 Wal., 57;  14 Wal., 442; 23 Wal., 471.

All evidences tending to prove a circumstance bearing on a material fact in issue should be admitted.   29 Ark., 386.

*Dodge & Johnson* for appellee.

Evidence as to the value of stock in Michigan was properly excluded.   50 Ark., 179;  42 Ark., 122;  41 Ark., 157.

HEMINGWAY, J.   For an injury to property the owner is entitled to be compensated by a recovery against the wrong-doer to the extent of his injury.   If personal property be damaged to the extent of destruction, its owner may have compensation by a recovery of its value at the time and place of its destruction.   The correct rule for measuring the damage is found in a statement of the right, and about it there is no room for difference.   But difficulty in applying the rule in different cases has arisen in determining what evidence is competent to prove the value of property destroyed.

To establish value, as to prove other facts, the law requires the best evidence that can be had.   In most cases

this rule would require proof of value in the market at the time and place of the injury; for if the property was held for sale, this shows the extent of the loss in not being able to sell it; and if it was held for use, this shows what it would cost to replace it.

But while the principle which exacts the best evidence is general, what constitutes the best evidence varies with the circumstances of the different cases. There may have been in a particular case an injury to property of a kind not sold, and therefore without market value, at the place of injury; still, it had a value there, either for its utility or because it might be transported and sold at distant markets; and as all rules of evidence are adopted for practical purposes in the administration of justice, they should not preclude a recovery because a loss occurred at a place where there was no market for the particular kind of property. The law accomplishes no such result, but accords to the party injured the right to recover the amount of his loss, and exacts no more in proof of the amount, than the best evidence of which his case is susceptible. This implies that proof of the market price at other points may be admitted; but does it imply that proof may be admitted of the market price at any or all distant points at which there may be a market? This conclusion would be as unreasonable as that the absence of a local market should exclude all proof of value.

It would not be contended, that, in an action by a farmer in one of our western States for corn destroyed in his barn, it would be competent to prove the value of corn in Dublin; or that, in trover for furs converted in Alaska, it would be competent to prove the value of similar articles in Berlin or Rome. If such proof tended in some slight degree to establish value, other and better proof is in the nature of things to be had, tending more nearly and directly to that result.

As the aim of the law is in such cases to ascertain value,

courts should not admit proof of it which is to a great extent misleading, when it is susceptible of proof without the misleading elements, that is manifestly to be had.

1. Value of property — How proved in absence of local market. So we find it established that where value can not be fixed by the proof of local markets, it may be done by proof of value at the nearest point where similar property is bought and sold, with such addition or deduction for cost of transportation and the hazard and expense incident thereto as may be necessary to determine its actual value at the place of the injury. If it was held for sale, the amount of recovery should be a sum which would have been realized upon a sale, and in such case there should be a deduction from its value in the distant market; while, if it was held for use, the recovery should be of a sum sufficient to replace it, and there should be an addition to the price in the distant market to meet the cost and hazard of transportation. *Coolidge v. Choate et al.*, 11 Met. (Mass.), 79; *Grand Tower Mining Co. v. Phillips*, 23 Wal., 471; 2 Suth. Dam., p. 373.

In what we have said, we have not attempted to formulate a rule of universal application; for there are states of case, in which courts, in order to ascertain actual value and arrive at a just finding, have adopted a different rule for the admission of evidence, not violating but really conserving the principles that we have announced.

Thus in the case of *Harris v. Panama Ry. Co.*, 58 N. Y., 660, which was an action for killing a race horse on the Isthmus of Panama, the 'court held that proof of the value of the horse in San Francisco was admissible, it appearing that there was no local market for such animals, and that it was being transported to San Francisco when killed.

2. Proof of distant market — When admissible. So in other cases it is held that proof of distant markets may be received, when they and the local market are interdependent or sympathetic. 2 Whar. Ev., 1290.

The absence of a local market was not disclosed by the state of case, when the court suppressed the depositions;

nor did it appear that the market value of similar animals in Leslie, Mich., had any reasonable or satisfactory tendency to prove the value of plaintiff's animal when and where it was killed. No such deduction could be drawn from the relative situation of the two places or from their ordinary business intercourse. It follows that the depositions were irrelevant aud incompetent.

If for any reason not apparent they were competent, the plaintiff should have advised the court of the reason, with an offer to prove it on the trial; if he had done so, the court would doubtless have admitted the depositions when proof revealed their competency. As plaintiff failed to do this, the court could determine the question of relevancy only in the light of the depositions excepted to and the pleadings, and as they disclosed no relevancy, it was right in sustaining the motion to suppress.

3. Depositions excluded for in-competency— Subsequent proof of competency— Renewal of offer to introduce.

If in the progress of the trial plaintiff made proof in connection with which the depositions became competent, he should then have offered them in evidence; this he failed to. do. If he had done so, and the court had excluded them, we would be called to decide whether they were competent in connection with the proof that there was no market for the injured animal at the place of its injury. But the circuit court did not rule on that state of the case, and it is not before us for review.

No other ground of reversal is urged, and as there was no error in the court's action in this regard, the judgment will be affirmed.