ARKANSAS STATE HIGHWAY
COMMISSION *v.* ORLANDEE BRADFORD ET UX

5-5959                              482 S.W. 2d 107

Opinion delivered July 10, 1972.

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Lightle, Tedder & Hannah,* for appellees.

GEORGE ROSE SMITH Justice. This action was brought by the State Highway Commission to take a 1.07-acre tract, upon which the landowners' residence was situated. The jury awarded $26,500 as just compensation. For reversal the Commission contends that there is no substantial evidence to support the verdict and, alternatively, that the award is excessive.

The landowners' expert witness, Terrill Huff, valued the residence at $19,920. He arrived at that figure by appraising the structure's 1,660 square feet at $12 a square foot. The Commission, citing *Ark. State Highway Commn.* v. *Mahan,* 249 Ark. 1022, 463 S.W. 2d 98 (1971), insists that Huff's appraisal is not substantial evidence, because he did not have first-hand knowledge of building costs in the vicinity. Mahan testified that he based the $12-a-foot estimate upon discussions with four building contractors.

The Commission's position is not well taken. In *Mahan* the witness relied upon several printed appraisal periodicals which were not shown to reflect local building costs. Here Huff obtained his information from local contractors, whom he identified by name. An expert witness may base his opinion on hearsay. *Ark. State Highway Commn.* v. *Russell,* 240 Ark. 21, 398 S.W. 2d 201 (1966). Moreover, in *Mahan* counsel for the condemnor objected to the witness's testimony and moved that it be stricken. Here no objection was made. Hearsay evidence, admitted

without objection, may support a verdict. *McWilliams* v. *R. & T. Transport*, 245 Ark. 882, 435 S.W. 2d 98 (1968).

The Commission also questions Huff's valuation of the 1.07 acres that was taken, at $600 an acre, because Huff relied upon only one sale in the vicinity, which is attacked as having involved land not entirely comparable to that involved in this case. We think the other sale was sufficiently comparable, however, to be admissible, the weight of the evidence being for the jury. Some latitude must be allowed for adjusting differences between somewhat similar lands. *Ark. State Highway Commn* v. *Sargent*, 241 Ark. 783, 410 S.W. 2d 381 (1967). Furthermore, there was neither any objection to the testimony nor any request that it be excluded from the jury.

Upon the second point, however, the Commission is right in its contention that the verdict is excessive. The landowners did not estimate the value of their land. Their only valuation witness was the expert Huff. Huff at first fixed the landowners' total damages at $25,213. In that total he included a well house and pump, valued at $735. When it was pointed out that the well house and pump were not situated on the 1.07 acres actually taken, Huff deducted their value from his total leaving net damages of $24,478.

After the suit was filed, with a declaration of taking, the landowners repurchased the residence from the Highway Commission and moved it to another location upon their original 20-acre tract. The landowner Bradford testified that it cost $400 to have the well and pump connected to the residence at its new location. We do not agree with the Commission's contention that the $400 expense was a duplication that should not have been considered by the jury. Had the well house and pump been rendered completely useless by the taking of the house upon the adjoining 1.07-acre tract, their value would have been a recoverable damage to the land not taken. But they were not rendered useless; so, as we have said, Huff deducted their $735 value from the total damages. There is accordingly no duplication in allowing the jury to consider the expense that was incurred in restoring the well house and pump to a usable condition. *Ark. State*

*Highway Commn* v. *Speck,* 230 Ark. 712, 324 S.W. 2d 796 (1959).

Bradford testified that a pecan tree near the house at its original location had been taken in the condemnation. He also testified that he paid a nurseryman $110 each for transplanting two pin oak trees to provide shade for the house in its new location. We do not agree with counsel's argument that the cost of transplanting a pin oak tree established the value of the pecan tree that was taken. (Huff did not include the value of any trees in his assessment of damages.)

We conclude that the competent testimony shows total damages on only $24,878, being Huff's appraisal of $24,478 plus the $400 paid to reconnect the well and pump. In a situation such as this one, where no erroneous ruling by the trial court is shown, we allow the landowners to remit down to the most liberal amount that we would approve if the jury had returned a verdict for that sum. *Ark. State Highway Commn.* v. *Carruthers,* 246 Ark. 1035, 441 S.W. 2d 84 (1969). Hence the judgment will be affirmed if a remittitur of the excess above $24,878 is filed within 17 days; otherwise the judgment will be reversed and the cause remanded for a new trial.