48

Fidelis KOELZER, et al *v.*
Terry BAGLEY, et al.

CA 83-409                                          680 S.W.2d 111

Court of Appeals of Arkansas
Division II
Opinion delivered November 21, 1984
[Rehearing denied December 19, 1984.]

*Darrell F. Brown and Associates, P.A.,* by: *Darrell F. Brown,* for appellant.

*Orvin W. Foster,* for appellee.

MELVIN MAYFIELD, Judge. The parties to this appeal agree that on February 1, 1981, the Chancery Court of Polk County made a decision, entered of record on August 5, 1981, to dissolve the Gillham School District of Polk and Sevier Counties and restore the former Grannis and Ozark School Districts of Polk County to separate districts, leaving the Gillham School District of Sevier County. The transcript filed in this case actually starts with a decree signed and filed on October 25, 1982. This decree recites that as a result of a hearing on February 17, 1982, the court finds that the assets of the former Gillham district shall be divided by giving 58% to Gillham and 42% to Grannis-Ozark.

Several hearings were had and on September 19, 1983, a judgment was entered which held that the assets of the Gillham district at the time of dissolution were of the value of $921,400.00; that the Grannis-Ozark 42% share equaled $386,988.00; and that 42% of the cash on hand, after the obligations for the 1980-81 school year had been paid, amounted to $20,917.12. This amount was added to the $386,988.00 but the resulting $407,905.12 was reduced by setoffs in Gillham's favor amounting to $26,811.83, leaving a final amount of $381,093.29 for which Grannis-Ozark was given judgment against Gillham and against the assets held by it.

The style of this case comes from the names of parties who were school directors or patrons, but this is really an appeal by the Gillham district against the Grannis-Ozark district, and it raises three points.

Gillham first contends that the amount of the judgment against it is not supported by sufficient admissible evidence.

This contention is based on the argument that the trial court did not use market value in fixing its evaluation of the assets of the former Gillham School District at $921,400.00. This figure came from an exhibit containing a statement of the "actual cash value" of the buildings and their contents belonging to the Gillham School District. This was prepared by an employee of the State Department of Education, with the assistance of the school superintendent, for use in obtaining insurance in the department's self-insurance program for the 1981-82 school year. The employee testified as to his ten years experience fixing property values while in the insurance claims work, and as to his training in making estimates of the value of buildings. He admitted he did not hold himself out as a real estate appraiser, however, his evaluation did not include any estimate as to land value. He did have many years experience in the business of fixing the value of the kind of property involved here and gave a full explanation of how he arrived at the values shown on the exhibit introduced. We think his testimony and the exhibit were relevant under Unif. R. Evid. 401 and admissible as specialized knowledge under Unif. R. Evid. 702.

In addition, a local building contractor, Earl Hooker, testified as to the replacement cost of the buildings. The total amount of this cost was more than the value fixed in the exhibit for insurance purposes. In a letter opinion to the attorneys, the chancellor referred to other witnesses who testified as to the value of the Gillham School District property and noted that Mr. Hooker said he thought the values stated in the exhibit prepared for insurance purposes would be more accurate as to "actual" value. The chancellor said he was accepting those values and pointed out that the parties who are now the appellants here had offered no better evidence. We think it somewhat ironic for appellants to suggest on appeal that the appellees did not present admissible evidence of market value but argue that an audit report of the Legislative Joint Auditing Committee did present admissible evidence of market value. That value, fixed at $491,945.57, was referred to in the chancellor's letter but was not accepted by him. We do not overturn his factual determination unless clearly against the preponderance of

the evidence. ARCP Rule 52(a). *Hegg* v. *Dickens,* 7 Ark. App. 139, 644 S.W.2d 632 (1983).

Appellants argue that Hooker's testimony was not admissible substantial evidence under *Wesoc Corp.* v. *Ark. State Hwy. Commission,* 257 Ark. 72, 514 S.W.2d 212 (1974), which held that a building contractor may not testify as to market value. In the first place, Hooker did not attempt to place a market value on the school buildings and, in the second place, there was no objection to Hooker's testimony. Moreover, the cited case strongly indicates that replacement cost evidence is admissible, although in eminent domain cases at least, that is not the true measure of damage. We believe there was sufficient admisssible evidence to support the trial court's value determination.

Another point raised by the appellant Gillham School District is that the chancellor was in error in holding that certain contracts made with teachers and other employees were Gillham's responsibility and not the responsibility of Grannis-Ozark. The appellees call attention to the fact that these contracts were entered into on April 2, 1981, prior to the entry of the trial court's decree dissolving the Gillham School District of Polk and Sevier Counties; that the contracts were approved by the directors of the Gillham district; and that all the students involved were in school in Gillham throughout the 1981 school year.

Appellants argue that appellees are liable on these contracts under an agency theory and also under the authority of Ark. Stat. Ann. § 80-422 (Repl. 1980) which provides that "any new district which is created, or district to which new territory is annexed shall succeed to the property of the district dissolved, and become liable for its contracts and debts. . . . "

We agree, however, with the appellees who say there is no evidence of any agency relationship. *See Hinson* v. *Culberson-Stowers Chev., Inc.,* 244 Ark. 853, 427 S.W.2d 539 (1968). We also agree that the statute relied upon by appellants would not place any liability for these contracts upon the appellees until the dissolution of the Gillham

district and the creation of the new districts. This was not done until the end of the 1981 school year. Furthermore, ARCP Rule 58 provides that a judgment or decree is effective only when it is entered by filing with the clerk as provided by ARCP Rule 79. In this case that did not occur until August 5, 1981, which was after the end of the 1981 school year.

The third point raised by appellants is that the court erred in not granting appellants' motion for a setoff in the amount of $47,010.00, based upon taxes collected by appellees which should have gone to appellants.

This point is both legally and mathematically complicated. Involved is the fact that school districts are allowed by statute to receive a 40% "pull back" of local taxes before June 30, which is the end of the school year. As explained by witnesses in this case, taxes are paid by the taxpayers from February 15 through October 10. The law allows 40% of this money to be received, or perhaps pledged, by the school districts during the current school year and the other 60% is not received until after June 30, and perhaps not until after October 10th.

We think the evidence in this case clearly shows that the amount collected in 1981 for school taxes by Polk and Sevier Counties was the sum of $122,588.22. During the period of January 1 through June 30 of 1981 the Gillham School District received or was entitled to receive 40% of that amount in pull-back funds for use in the school year that ended on June 30, 1981. After that date the 1981 school tax money collected by those counties should go to the districts according to the new district alignment. Forty percent of $122,588.22 is $49,035.28. The original Gillham district was entitled to that amount. Sixty percent of $122,588.22 is $73,552.93. This amount belonged to the new districts in the ratio of 58% to Gillham and 42% to Grannis-Ozark. Forty-two percent of $73,552.93 is $30,892.23. However, the evidence clearly shows that Grannis-Ozark was paid $44,794.10 from 1981 school tax money put into reserve by the County Courts of Polk and Sevier Counties. Since Grannis-Ozark was entitled to only $30,892.23, the excess of $13,901.87 should have been allowed as a setoff to Gillham.

This would reduce the $381,093.29 judgment of Grannis-Ozark to $367,191.42. On appeal, chancery cases are tried de novo and the appellate court renders a decree upon the record made in the trial court. *Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979). Under the law as we view it and based upon facts that are not in dispute, we reduce the appellee's judgment to $367,191.42 and it is affirmed as modified.

CLONINGER and CORBIN, JJ., agree.