James Michael STICKLEY *v*. STATE of Arkansas

CR 87-134                                                740 S.W.2d 616

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*Hickman & Williams, P.A.*, by *Lynn Williams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. James Michael Stickley brings this appeal from his conviction for the crime of aggravated robbery. As an habitual offender he was sentenced to fifty years, concurrent with three other sentences. The single point for reversal is that the trial court erred in denying his motion for a directed verdict for lack of corroboration of the testimony of an accomplice. We find sufficient other evidence connecting Stickley to the crime and, therefore, there was no error in denying the motion for a directed verdict.

Mr. James Massey testified that just after he and his wife had retired about 11:30 p.m. his dog began barking frantically. When he was unable to quiet the dog, he got up and turned on the light. At about that time the doorbell rang at the front door. He took a pistol with him and, without opening the door, asked who was there. The response was a neighbor needing to borrow gasoline. Massey went to his carport and the caller explained that he was out of gas. He asked if he could use the bathroom and Massey refused. Massey went back into the house to put on his shoes, locking the door behind him. When he returned to the carport no one was there, though he heard footsteps. Mr. Massey went back in the house and soon the caller knocked again, explaining that he had gone back to the car to search unsuccessfully for a container. Mr. Massey found a plastic vessel and poured gasoline into it from his lawnmower. The man left but returned shortly to say, "It's me again," explaining that he needed jumper cables to start the car. As Massey started to open the door the individual began pushing and stuck his arm inside pointing a pistol toward Massey. Massey managed to close the door, reached for his own pistol and fired six times through the door, striking the intruder twice. Stickley was later arrested at the hospital and was identified at trial as the individual Massey encountered that night.

Kenny Simmons was also charged with the crime. He testified that he met Mike Stickley on the night of the incident. They had driven around town in Mike's car and then driven to Music Mountain Road, stopping near the Massey residence. Simmons said Stickley left for a few minutes, came back and poured gas into the tank, which was not empty. Simmons said Stickley told him, "This guy has a lot of money and we're going to rob him." Stickley took a pistol from the car and handed Simmons a pantyhose to use as a mask. Simmons testified that he refused to participate and began walking away. He heard three or four shots and saw Stickley running from the house. He tried to drive Stickley to the hospital, then took him to his sister's house when they couldn't find the hospital. He testified that he expected the charges against him to be dropped.

Appellant cites us to our recent holding in *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986). *Trotter* does not govern the decision here. The two cases are factually similar, but there

are material differences. *Trotter* involved the corroboration of a confession, whereas, this case involves the corroboration of the testimony of an accomplice. The applicable statutes have different wording. In *Trotter*, the appellant and a companion entered Bob's Grocery Store. Appellant fired a weapon, striking the store owner in the neck. Appellant then fired at another individual behind the counter but the gun misfired. Appellant placed the gun at that individual's head and attempted to fire the weapon. When the gun failed to discharge appellant and his companion walked out of the store. Nothing was taken, but appellant's confession revealed that he and his companion had discussed robbing Bob's Grocery Store "to get some money." On appeal appellant's conviction of aggravated robbery was reduced to the lesser included offense of first degree battery. The opinion in *Trotter* points out that under Ark. Stat. Ann. § 41-2102 (Supp. 1985) a confession by the accused, unless made in open court, must be accompanied by "other proof that such an offense was committed." Trotter's confession was not made in open court and there was no other proof of robbery, hence, the robbery conviction could not stand.

In the case at hand we are dealing with Ark. Stat. Ann. § 43-2116 (Repl. 1977), which provides that a felony conviction cannot rest entirely on the testimony of an accomplice—it must be corroborated by "other evidence *tending to connect* the defendant with the commission of the offense." (Our emphasis). The testimony of Kenny Simmons established robbery as the intended act and there was ample independent evidence connecting appellant to the commission of the offense. *Williams* v. *State*, 290 Ark. 449, 720 S.W.2d 305 (1986); *Bennett* v. *State*, 284 Ark. 87, 679 S.W.2d 202 (1984).

This case invites comparison with *Johnson* v. *State*, 289 Ark. 589, 715 S.W.2d 441 (1986), where the appellant argued that his burglary conviction was based solely on the testimony of an accomplice. Appellant was arrested along with one Murie on the roof of a warehouse. An officer arriving at the scene said he saw an arm clad in denim reaching through an open window dropping articles into a dumpster. When arrested, Murie, and not the appellant, was wearing a denim jacket. We said, "The fact that the appellant was discovered on the roof of the warehouse with no apparent reason for being there other than to escape detection as

a participant in a burglary is sufficient."

The judgment is affirmed.

HICKMAN, J., and GLAZE, J., concurring, stating they believe *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986) controlling and would take this opportunity to overrule it.