Terry L. BISHOP *v.* STATE of Arkansas

CR 87-121                                         742 S.W.2d 911

Supreme Court of Arkansas
Opinion delivered January 19, 1988

*Maxie G. Kizer*, for appellant.

*Terry L. Bishop*, pro se.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This case has come to us as an appeal in which counsel for the appellant has determined,

upon examination of the record, that there is no reversible error. He has filed a "no merit appeal" brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). He also has moved to be relieved as counsel pursuant to Rule 11(h) of the Arkansas Supreme Court and Court of Appeals, upon certification that he has conscientiously examined the record and found the appeal to be without merit. The attorney general has submitted a brief concurring in the conclusion that the appeal lacks merit. The appellant, Terry L. Bishop, has submitted a supplemental brief, pro se, contending first that the evidence was insufficient to support his conviction of aggravated robbery because there was no evidence that he intended to commit robbery at the time he allegedly assaulted the victim. Secondly, he contends his counsel was ineffective. We do not consider the latter contention, as it is not cognizable on appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). *Cf. Lasiter* v. *State*, 290 Ark. 96, 717 S.W.2d 198 (1986). We find the evidence was not sufficient to sustain the aggravated robbery conviction but that it was sufficient to sustain a conviction of aggravated assault. The conviction is affirmed as modified and the sentence is accordingly also modified.

The evidence shows that Bishop and a companion entered a liquor store. Bishop approached Jodie Mahfouz, who was working behind the counter, with a bottle of wine and asked the price. Mahfouz asked Bishop for identification. Bishop turned as if to walk away, but abruptly turned back and swung the bottle at Mahfouz's head. Mahfouz ducked, and Bishop jumped up on the counter, knocking the cash register to the floor in the process. He swung again at Mahfouz who had obtained a pistol with which he shot Bishop who was later arrested and charged with aggravated robbery.

At the time the alleged offense was committed, aggravated robbery was defined by Ark. Stat. Ann. § 41-2102 (Supp. 1985) as follows: "(1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 of Act 280 of 1975 (Arkansas Statutes Annotated § 41-2103) and he: . . . (b) inflicts or attempts to inflict death or serious physical injury upon another person." Robbery was defined in § 41-2103 as follows: "(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon

another." As the commission of robbery is an element of the offense of aggravated robbery, the evidence, to have been sufficient, must have shown that Bishop attempted to inflict serious physical injury upon Mahfouz with the purpose of committing theft.

There is no doubt the evidence was sufficient to show an attempt to inflict serious physical injury upon Mahfouz. That leaves only the question whether the evidence was sufficient to show Bishop intended to commit theft when he swung the bottle at Mahfouz. A police officer testified at the trial that the appellant's mother told him that Bishop told her the reason he robbed the store was that he needed the money for Christmas. Bishop's counsel objected to this testimony on the ground that the officer testifying was not the one who prepared the written investigation account of what was said by Bishop's mother. The officer who had prepared the report was then called as a witness, and he gave substantially the same testimony as the other officer had given. While this testimony was subject to a hearsay objection, none was made. Excepting testimony from Mr. Mahfouz that he surmised Bishop and his companion intended to kill him or to rob the store, no other evidence tending to show the intent to commit theft was admitted.

■■ We have no hesitancy in saying that the policeman's testimony as to Bishop's mother's statement was admissible against him in the absence of objection, as the objection may not be made for the first time on appeal. *See Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985); *Harris* v. *State*, 262 Ark. 506, 558 S.W.2d 143 (1977). Nor do we doubt that unobjected to hearsay evidence may constitute substantial evidence sufficient to support a conviction. *Murray* v. *State*, 275 Ark. 46, 628 S.W.2d 549 (1982); *Arkansas State Highway Commission* v. *Bradford*, 252 Ark. 1037, 482 S.W.2d 107 (1972). However, Ark. Code Ann. § 16-89-111(d) (1987) provides: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." Thus, if Bishop's statement to his mother was a "confession," as that term is used in § 16-89-111(d), the argument is that the evidence falls short of being sufficient to sustain the conviction as there is no other evidence that Bishop intended to commit theft.

In *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986), we held in very similar circumstances that the evidence did not support a conviction of aggravated robbery, and we reduced the sentence to one appropriate for first degree battery. However, in that case the confession was a typical confession to police officers after the accused had been apprehended. Trotter made his statement in the presence of two sheriffs, a state police investigator and a sheriff's investigator. There is thus a temptation to say that Bishop's statement to his mother was not the sort of "confession" the general assembly had in mind when it stated that an extra-judicial confession would not support a conviction "unless accompanied with other proof that such an offense was committed." This provision first appeared in Arkansas law as § 239 of the Criminal Code of 1868. There was no emergency clause or other document descriptive of legislative intent. We are thus relegated to the traditional meaning of the word "confession".

In *Edwards* v. *State*, 171 Ark. 778, 286 S.W. 935 (1926), the defendant told his wife, in the presence of a deputy sheriff to go out and borrow more money because when he got out of jail he would "rob another bank" and they would then have plenty of money. We said that statement, made to Edward's wife and in the presence of a deputy sheriff, was in the nature of a confession. In *Workman* v. *State*, 267 Ark. 103, 589 S.W.2d 21 (1979), we dealt with the claim of an appellant who said that statements she made to officials in the process of hindering apprehension or prosecution of a robber were the same as a confession with respect to which she had been deprived of a Denno hearing. We held the statements were not a confession or confessions and said, "[a] confession is an admission of guilt as to the commission of a criminal act." We find no authority whatever for the proposition that a statement of guilt must be made to police officers, or indeed to any other particular person or persons, to constitute a confession.

As the offense of robbery was an element of the offense of aggravated robbery, it was incumbent upon the state to prove the intent of Bishop to commit theft when he struck at Mahfouz with the bottle. The only evidence of that intent is Bishop's statement to his mother. That was a confession. Absent corroboration it does not warrant conviction. Bishop's counsel raised the

issue by moving for a directed verdict and stating specifically that the evidence was insufficient to show robbery.

As we cannot sustain the conviction of aggravated robbery, the question becomes whether the evidence was sufficient to warrant conviction of a lesser included offense. In *Trotter* v. *State, supra*, we reduced the conviction of aggravated robbery to one for first degree battery. We recognized that battery is not in the same generic class as robbery, and that it thus was not a lesser included offense in the sense of our statement in *Caton* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972). However, we noted that first degree battery "overlapped" with aggravated robbery in that a person charged simultaneously with both offenses arising from the same incident could not be convicted of both. *Cf. Williams* v. *State*, 11 Ark. App. 11, 665 S.W.2d 299 (1984).

Our statute defining lesser included offenses for purposes of prosecution and conviction is Ark. Code Ann. § 5-1-110 (1987). It provides, in part, "(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if: (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . . ."

The definition of aggravated assault was codified at the time the offense in this case was alleged as Ark. Stat. Ann. § 41-1604 (Repl. 1977). It provided, in pertinent part, "[a] person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person." The definition of aggravated robbery, as found in Ark. Stat. Ann. § 41-2102 (Supp. 1985), was, in pertinent part, as follows:

> (1) A person commits aggravated robbery if he commits robbery . . . and he:
>
> (a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or
>
> (b) inflicts or attempts to inflict death or serious physical injury upon another person.

Although we know of no cases which hold that one may

not be convicted of both aggravated robbery and aggravated assault arising from the same incident, the two offenses overlap just as we found aggravated robbery and first degree battery overlapping in *Trotter* v. *State, supra.* While the definition of aggravated assault contains more words than subsection (b) of § 41-2102, we hold that it amounts to no more than "attempts to inflict death or serious physical injury upon another person" and thus is included within that definition.

■ When the proof is such as to support conviction of a lesser included offense but not the offense of which the accused was convicted, we may reduce the punishment to the maximum for the lesser included offense, or reduce it to the minimum for the lesser offense or something in between, depending upon the circumstances. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). In this case, we deem it appropriate to reduce the sentence from 70 years imprisonment to the maximum appropriate for the lesser included offense of aggravated assault which was, at the time the offense was committed, a class D felony. The maximum sentence for one convicted of a class D felony with four or more other felony convictions is 15 years imprisonment. Accordingly the sentence is reduced from 70 to 15 years.

Affirmed as modified.

HICKMAN, HAYS, and GLAZE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent for several reasons.

The majority in this case, as in *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1984), has forgotten its appellate role which is to review cases and affirm them if possible, rather than look for a reason to reverse a decision. The majority in this case, as in *Trotter*, has reversed a decision for a reason not raised on appeal. When the officer who had prepared the report testified regarding what the appellant's mother had told the two officers, no objection was made; that evidence is substantial evidence and can support a verdict. No argument was made below or on appeal whether the statement made to the mother was a "confession." That is a legal question the majority decided to answer on its own.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict.

*Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984). The majority seems to require that there must be a confession plus independent substantial evidence to support a conviction. However, that is not the law. We have held, "The statute does not require the corroborating evidence to be independently sufficient to support a conviction. Instead it requires only corroborating evidence that such an offense was committed." *Morgan* v. *State*, 286 Ark. 264, 691 S.W.2d 164 (1985). That is not a requirement that substantial evidence prove the offense was committed—only *evidence* that it was committed. The statute reads:

> A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.

Ark. Stat. Ann. § 43-2115 (Repl. 1977). The majority question the absence of evidence to prove the element of intent in the crime of robbery. Evidently the majority requires independent substantial evidence other than a confession of every element of a crime, and that is not the requirement of the statute. *See Stickley* v. *State*, 294 Ark. 44, 740 S.W.2d 616 (1987).

That fundamental error is compounded when the same approach which was taken in *Trotter* is taken in this case, and that is that a jury cannot infer intent from the actions of the defendant. That is a marked departure from existing law. We have held, "[i]ntent or purpose behind an act, being a state of mind can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances surrounding the act." *Heard* v. *State*, 284 Ark. 457, 683 S.W.2d 232 (1985).

In this case there was evidence offered at trial that two men entered a liquor store. Both went to the wine cooler. After picking up a bottle of wine, the appellant walked to the counter and asked the owner how much it cost. Mr. Mahfouz, the owner, testified that the appellant tried to hit him in the head twice before Mr. Mahfouz shot him in the leg. There was also testimony offered that showed that there was a third man, Tony, who waited outside the store while the other two went inside to buy some "cigarettes." However, neither man inside the store picked up any "cigarettes" or asked for any.

In my judgment the majority is holding a juror cannot use his common sense in deciding cases. The jury was clearly convinced by the appellant's actions that the appellant intended to rob the store and so was the store owner.

This question was asked of Mr. Mahfouz, the store owner:

    Q.   I just heard your testimony and not one . . . but not one time did you say anything about Terry Bishop trying to rob you.

    A.   Well what would you think in that situation with a man trying to hit you in the head. What did he hit me in the head for?

Robbers need to tell shopkeepers "stick 'em up, this is a robbery" to convince the majority a robbery is intended. Only the majority is in the dark in this case.

HAYS and GLAZE, JJ., join in the dissent.