The Honorable Frank J. Willems State Representative Route 3 Paris, Arkansas 72855
Dear Representative Willems:
This is in response to your request for an opinion on whether oil and gas companies may legally deduct expenses for transportation and production from their royalty payments to owners. You note that these deductions have been made in the last year or so in your district.
It is my opinion that whether this is a "legal" practice is a question which will depend upon the construction of individual leases between the companies and owners.[1] An owner must, if he or she wishes to pursue the matter, have the lease reviewed by private legal counsel to determine whether the deduction is in conformity with the lease.
A similar issue was recently decided in HANNA OIL GAS COMPANY v. TAYLOR, 297 Ark. 80, 759 S.W.2d 563 (1988). In that case, Justice Dudley, writing for the majority, concluded that the question of whether the company could deduct compression costs from royalty payments was dependent on the language of the lease.297 Ark. at 81. The court held that under the particular language of that lease, the company was not entitled to deduct the costs. Justice Dudley also found compelling the fact that the company began deducting compression costs two years after compression became necessary. He found this fact to indicate that the parties themselves, at least for those two years, construed the lease as not allowing for the deduction of compression costs.
There is a strong dissent to the HANNA decision lodged by Justice Hays who notes that the lease contained "terms of art" which could lead to a different construction than the majority found. Justice Hays also cites CLEAR CREEK OIL GAS COMPANY v. BUSHMAIER,165 Ark. 303, 264 S.W. 830 (1924), and notes the "changing gas economy" to support his dissent.
As stated previously, resolution of your question will depend upon an individual review of each lease by private legal counsel. I have, however, attached a copy of the HANNA decision, in the hope that it will be helpful to you and your constituents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Although A.C.A. 15-74-701, ET SEQ. governs oil and gas royalty payments, nothing in that subchapter governs your particular question.