The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on certain charges being assessed by oil and gas producers. You indicate that some oil and gas producers in your area have recently begun assessing mineral royalty owners the following charges on gas produced from gas wells: (1) the cost of gathering natural gas; (2) the cost of marketing natural gas; and (3) severance tax on natural gas. The question is whether these charges are legal.
Your question with regard to gathering costs and marketing costs is not addressed by statute,[1] nor is the issue clear under Arkansas case law. In Op. Att'y Gen. 89-172, a copy of which is enclosed, we addressed the similar issue of whether expenses for transportation and production were deductible from royalty payments. We cited the case of Hanna Oil Gas v.Taylor, 297 Ark. 80, 759 S.W.2d 563 (1988), which dealt with compression expenses, and remains the most recent decision from the Arkansas Supreme Court involving oil and gas production costs. In Taylor, the court based its decision that the expenses should be borne by the lessee on certain language in the lease and concluded that had the parties intended to deduct compression costs from the royalty payments, they would have so provided. In his dissent, Justice Hays pointed to the court's refusal to examine other relevant terms of art in the lease to determine the place at which the royalty should be calculated and whether certain expenses should be borne solely by the lessee or deducted from the royalty payments.[2] Justice Hays noted previous decisions by the court that recognized the lessee's implied duty to market gas and that the post-production cost of transportation associated therein should be shared with the lessor. Id., 297 Ark. at 84, 759 S.W. 2d at 566. See Hillardv. Stephens, 276 Ark. 545, 637 S.W.2d 581 (1982); Clear CreekOil Gas Co. v. Bushmaier, 165 Ark. 303, 264 S.W. 830 (1924).
Thus, although there is precedent that certain expenses, such as marketing costs, should be deducted from royalty payments, in light of the majority opinion in Taylor, it would appear to be the law in Arkansas that the parties' intent, as expressed in the language of the lease, controls the "legality" of assessing gathering or marketing expenses to royalty owners. The construction of leases between private parties is outside the purview of an Attorney General's opinion and is rather a function to be performed by private counsel or, in the last resort, a court.
As to the deduction of severance taxes from royalty payments, such deduction is mandated by statute. Arkansas Code Annotated §26-58-115(a) places the burden of filing and actual payment of the severance tax on the producer, whether lessee or lessor. However, subsection (c) authorizes, and even requires, the producer to deduct the tax from any royalty payments made to the owner of the natural gas and provides:
 Every producer actually operating any oil or gas well, quarry, or other property from which natural resources are severed, but under contract or other obligation whereby payment directly to the owner of any royalty, excess royalty, or working interest, either in money or in kind is required, is hereby authorized, empowered and required to deduct the amount of the severance tax in respect thereto from any such royalty or other interest before making such direct payment.
It is therefore my opinion that the payment of severance taxes may legally be deducted from the payment of royalty fees to the natural gas owner but, again, that the legality of deducting gathering or marketing costs should be determined by construction of the individual lease agreement between the lessor and lessee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh Enclosure
[1] See A.C.A. §§ 15-74-701, et seq., which governs oil and gas royalty payments.
[2] For further analyses of Taylor and the classification of oil and gas production costs, see Note, Compression Costs inOil and Gas Leases — Who Pays?, 43 Ark. L. Rev. 201 (1990); Note, Deductions Under a Proceeds Royalty Lease — Arkansas Putsthe Pressure on Lessee, 12 U.A.L.R. 395 (1989-90).