ARKANSAS STATE HIGHWAY COMMISSION
*v.* CORNER DELI, INC. and Donna Reed

CA 94-767                                            900 S.W.2d 602

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1995
[Rehearing denied August 16, 1995.]

*Robert L. Wilson* and *Mark J. Whitmore*, for appellant.

*Q. Byrum Hurst Law Office*, by: *Q. Byrum Hurst, Jr.*, for appellees.

JAMES R. COOPER, Judge. The appellant in this eminent domain case secured a temporary construction easement to property owned by the appellees. The appellees contested the Commission's evaluation of the fair rental value of the property and, after a hearing, the trial court found the fair rental value of the construction easement to be $48,000. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court's

award is not supported by the evidence. We agree, and we reverse and remand.

The sole issue before the trial court was the fair value of a temporary construction easement. The Corner Deli property in its entirety consisted of approximately 1.88 acres. By way of comparison, the temporary construction easement consisted of approximately .03 acre used for the construction of curbs and gutters within the state right-of-way.

There was testimony that the fair market value in fee for the area of the easement was $6.00 per square foot, totalling approximately $10,000 for the entire area of the easement were it acquired in fee. Although this testimony was not disputed, the trial judge nevertheless found that the fair rental value of the easement for the 48-month construction period was $48,000, amounting to $1,000 per month for a construction easement over the .03 acre area of the easement. By way of comparison, the mortgage payment for the entire 1.88 acres of the Corner Deli property was $1,300 per month.

On our review of the record, we think it clear that the trial judge erred in calculating the fair rental value of the property and that the amount awarded exceeds the greatest amount that can be said to be supported by substantial evidence. It appears that the trial judge misapplied a formula for valuation testified to by Mr. Palmer, an expert witness, who testified as follows:

Q. Allright, sir. What did you do with these figures you got in determining the fair market rent? How did you calculate that?

A. The property was taken January 15, 1988, and the work was completed on September 26, 1991, which was 32 and a half months. And I based the . . . based upon the sales I gave, which gave a range of values, the highest one was about $5.33 a square foot; but 10% of $6.00 per square foot I considered, 10% per year for 32 and a half months. That came up for a rental of $2,475.00. To that I added the sign, a lighted sign that was on the southern side of the property, $1,350.00, which came up with a total of $3,825.00.

Q. Allright, sir. Is that your professional opinion of the

fair rental value of this property and the value of the sign that was acquired?

A.   It is.

In his ruling from the bench, the trial judge stated:

"THE COURT: Well, I mentioned — I think I mentioned the U.S. Constitution and Arkansas constitution in my letter of September the 14th. Some of the rulings in the cases I would have to disagree with, but I have to follow precedent.

Let me see if I can give you a figure here. I'm trying to use Mr. Palmer's — all right, Mr. Palmer has said that the method to compute a temporary construction easement — a true rental value per year for a construction easement which is temporary is ten percent of the raw land — of the value of the raw land per year. And he cited three examples and I find that the average front foot is $943.00. And here you have a front footage of — what did ya'll say?

LARRY WEBB: It's 160 — well, it's 146 and there is an off-set which is still frontage.

THE COURT: Let's call it 140. So, that makes $132,000. I'm using the average front foot value based on his testimony — Mr. Palmer's testimony of $943.00 a front foot times 140 is 132,020. Ten percent is 13,200 per year times four equals what, 52,800. And what I'm basing that on is front footage — in other words, I think it was pointed out — now, I'm going to decrease that slightly because certainly there was not total blockage, but where Mr. Palmer would pay on the square foot, I think that would be a distortion and not take into consideration at all the blockage of the use. You're almost taking the whole of the land.

So, I'm going to diminish the 52,800 by — go back to the owner's opinion of $48,000.00."

As the record demonstrates, the trial judge apparently misunderstood Mr. Palmer's testimony as evidenced by his attempt to calculate fair rental value on the basis of the frontage of the entire property, rather than upon the area of the actual easement.

The resulting amount is not supported by the evidence and, consequently, we reverse and remand for further proceedings consistent with this opinion. *See Arkansas State Highway Commission* v. *Bradford*, 252 Ark. 1037, 482 S.W.2d 107 (1972).

Reversed and remanded.

JENNINGS, C.J., and MAYFIELD, J., agree.