## Meredith Alvin WIMAN *v.* STATE of Arkansas

CR 78-187                                             583 S.W. 2d 67

### Opinion delivered July 9, 1979

*James K. Young,* by: *Luther B. Hardin,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Donna Mingie, age 14 was found on the railroad tracks at 11:00 p.m. June 23, 1977, by a Missouri Pacific train crew. At the time she was nude except for a T-shirt. Blood was oozing from her vagina and her right arm had been severed by the freight train when it ran over her. Deputy Sheriff Carl Stobaugh stated that based upon his experience as a law enforcement officer, it was his opinion the

young girl had been raped. Upon observing that Donna was still breathing, Deputy Stobaugh stayed with the girl until the ambulance arrived.

After the investigation was concluded, appellant Meredith Alvin Wiman, a neighbor of Donna Mingie and her sister's boyfriend, was charged with rape and attempted murder. The jury found appellant guilty as charged and his punishment was fixed at life on the rape and 20 years on the attempted murder — said sentences to run consecutively. For reversal appellant makes the following contentions:

I. The trial court erred in ruling the confessions to be voluntarily given and admissible.

II. The court erred in allowing the articles of clothing to be introduced on the basis that proper consent was obtained.

III. The trial court erred in allowing photographs of the victim to be introduced into evidence.

IV. The jury finding of guilty on the issue of sanity was against the preponderance of the evidence.

V. The court erred in not directing a verdict in favor of the defendant on the charge of rape on the basis that the state failed to prove the elements of offense.

POINT I. On the motions to suppress the confessions the record contains the testimony of Finis Duvall, a criminal investigator with the Arkansas State Police; Carl Stobaugh, a Deputy Sheriff of Conway County; Ray Coffman, a Deputy Sheriff of Conway County, and appellant. This proof shows that appellant was picked up by Deputy Sheriffs Coffman and Epperson at his place of employment with Ward Body Works in Conway, Arkansas between 8:30 and 9:00 a.m. on the morning of June 24, 1977 and was transported to the sheriff's office in Morrilton after a stop at the home of Donna Mingie in Plummerville. Appellant arrived at the sheriff's office at 10:30 where he was given the Miranda warnings. When we view the totality of the circumstances, we cannot

say that the trial court erred in ruling that the confessions were voluntary.

POINT II. On the motion to suppress appellant's clothing obtained from the home of his parents, the record contains the testimony of Deputy Sheriff Ray Coffman, former Deputy Sheriff Bobby Epperson and Art Wiman, appellant's father. The testimony of the officers is to the effect that they knocked on the door of the Wiman home to find out if appellant was home. Upon being informed that appellant was at work, they asked if the parents knew what type of clothes appellant had worn the night before. The officers stated that they were invited in to look for the clothes. The officers examined the clothes that were shown to them and made inquiry about appellant's underwear but were unable to find them. On direct examination Art Wiman stated that the officers just came in looking for evidence. This evidence was toned down on cross-examination. Mr. Wiman admitted that Mrs. Wiman came to the head of the stairs with appellant's shirt and that when he later found appellant's underwear had stopped up the commode, he removed the commode to obtain the underwear and called the officers to come and get them. Conspicuously absent is the testimony of Mrs. Wiman.

Based upon the evidence in the record, we cannot say that the trial court erred in finding that appellant's parents consented to the search.

Appellant does not demonstrate how he was prejudiced by the failure of the officers to make a list of the items seized in accordance with Rule 11.4 of the Rules of Criminal Procedure and in the absence of prejudice, such failure can amount to nothing more than harmless error. The record shows that appellant took the witness stand in his own defense but there is no denial of the identity of the clothes.

POINT III. Appellant, while conceding that the trial court has discretion in admitting photographs of the victim, contends that the photographs introduced fail to show any choke marks and were being introduced to influence the passions of the jury. Our observation of the photographs shown at page 629 of the record refutes appellant's conten-

tion that the photographs do not show any choke marks. Consequently, this contention is without merit.

POINT IV. On the issue of insanity, appellant presented the testimony of Douglas Stephens, a clinical psychologist and Dr. Wendell Hall a practicing psychiatrist. The State presented the testimony of Albert Rosendale the chief of the Forensic Psychiatry Unit at the State Hospital. In addition the jury had the benefit of appellant's testimony as to his conduct in washing and cleaning up immediately after the occurrence and before entering his home. It follows that there is substantial evidence in the record to support the jury's finding of guilty notwithstanding appellant's plea of not guilty by reason of insanity.

POINT V. In his confession, appellant admitted that he attempted to have sexual intercourse with Donna Mingie after he had rendered her unconscious and when he failed because he could not get an erection, he inserted his fingers in her vagina. In addition to the testimony of Carl Stobaugh as to the appearance of her body when she was found on the railroad track, the State presented Dr. David Dawson Irby who examined Donna at the Med Center. He found a five centimeter laceration of the posterior portion of the vagina, the borders of which were ragged as if torn. He stated that there was a penetration probably by a foreign object like a baseball bat.

Based upon the testimony in the record, we cannot say that there is no substantial evidence to support the jury's finding that the penetration was for sexual gratification. Consequently, there is no merit to appellant's contention that he was entitled to a directed verdict on the rape charge.

We have reviewed the record pursuant to Ark. Stat. Ann. § 43-2725 (Repl. 1977), and have found no errors prejudicial to appellant.

Affirmed.