Donnie BREWER *v.* STATE of Arkansas

CR 82-73                                        639 S.W.2d 54

Supreme Court of Arkansas
Opinion delivered September 20, 1982

*Highsmith, Gregg, Hart & Farris,* by: *Phillip Farris* and *Josephine L. Hart,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Donnie Brewer was convicted of first degree murder and aggravated robbery and received a thirty year sentence for the murder and fifteen years for the aggravated robbery, to be served consecutively.

The only question on appeal is whether the convictions for aggravated robbery and first degree murder violate the prohibition against double jeopardy in Ark. Stat. Ann. § 41-105 (Repl. 1977). The aggravated robbery in this case was a lesser included offense of first degree murder and Brewer could not be convicted and sentenced for both crimes. Therefore, the conviction for aggravated robbery is set aside.

Brewer was one of three men charged with the robbery of the combination grocery store and post office in Charlotte, Arkansas on December 14, 1978, and the death of Morris Lillard in connection with that robbery. David Weaver, one of the defendants, pleaded guilty and was sentenced to twenty-four years in prison. He testified against Brewer and according to his testimony Brewer fired the weapon that killed Mr. Lillard. Ronnie Brewer, the appellant's brother, was convicted of robbery but acquitted of murder. *See Brewer* v. *State,* 271 Ark. 810, 611 S.W.2d 179 (1981).

The only question concerned in this appeal involves the issue of double jeopardy. Ark. Stat. Ann. § 41-105 (Repl. 1977) provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the

defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other as defined in subsection (2); . . .

(2) . . . An offense is so included if:

(a) it is established by proof of the same or less than all of the elements required to establish the commission of the offense charged; . . .

There is no doubt in this case that the conviction and sentence of Brewer for the second offense violated this provision of Arkansas law. *See Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981); and *Foster* v. *State,* 275 Ark. 427, 631 S.W.2d 7 (1982). Therefore, the conviction and sentence for aggravated robbery are set aside. The conviction and sentence for first degree murder are affirmed. *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981).

Affirmed as modified.