**Meredith Alvin WIMAN, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 86–1174.

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1986.

Decided July 28, 1986.

Rehearing Denied Sept. 4, 1986.

---

Lance R. Miller, Little Rock, Ark., for appellant.

Clint Miller, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Meredith A. Wiman appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his petition for writ of habeas corpus. *Wiman v. Lockhart*, No. PB-C-85-188 (E.D.Ark. Dec. 31, 1985) (order). For reversal Wiman argues the district court erred in holding his double jeopardy claim was without mer-

it. For the reasons discussed below, we affirm the order of the district court.

In April 1978 Wiman was convicted of rape, Ark.Stat.Ann. § 41-1803 (1977), and attempted first degree murder, *id.* § 41-1502(1)(b). He was sentenced to consecutive terms of life imprisonment for the rape and 20 years for the attempted murder. His convictions were affirmed on direct appeal to the Arkansas Supreme Court. *Wiman v. State,* 266 Ark. 380, 583 S.W.2d 67 (1979). Post-conviction relief was denied in 1980. Wiman has exhausted available state remedies.

In April 1985 Wiman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. One claim alleged a constitutional ground. Wiman alleged that the two sentences for rape and attempted murder subjected him to double jeopardy. The district court referred the petition to a magistrate.[2] The magistrate recommended dismissal of the petition, and the district court adopted the report and recommendation of the magistrate. This appeal followed.

As noted by the district court, Wiman did not raise the double jeopardy claim during trial, on direct appeal or in post-conviction relief proceedings. Because of this procedural default, Wiman cannot raise the double jeopardy claim in the state courts. Nor can the claim be considered for purposes of habeas relief absent a showing of cause and prejudice. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.) (cause and prejudice standard in analysis of double jeopardy claim in habeas proceeding), *cert. denied,* —— U.S. ——, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). The district court presumed the existence of cause and proceeded to consider whether Wiman had suffered prejudice by determining whether Wiman's double jeopardy claim had any merit.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

■ The district court reviewed state and federal double jeopardy cases and concluded that Wiman's separate sentences for rape and attempted murder did not violate double jeopardy. Slip op. at 4–5. The district court specifically noted that Wiman was convicted of rape and attempted first degree murder in violation of Ark.Stat. Ann. § 41–1502(1)(b), *not* attempted first degree *felony* murder in violation of Ark. Stat.Ann. § 41–1502(1)(a).[3] In a felony murder conviction, the underlying felony is a lesser included offense of the greater offense of felony murder and the defendant cannot be convicted of and sentenced for both offenses. *See, e.g., Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440, 441 (1982) (per curiam) (aggravated robbery and attempted first degree felony murder); *Brewer v. State*, 277 Ark. 40, 639 S.W.2d 54, 55 (1982) (aggravated robbery and first degree felony murder); *cf. Walton v. State*, 279 Ark. 193, 650 S.W.2d 231, 236 (1983) (rape and attempted capital felony murder); *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16, 17 (1982) (per curiam) (attempted capital felony murder and aggravated robbery).

■ Here, Wiman was convicted of attempted first degree murder. Rape and attempted first degree murder are separate and distinct offenses; each requires proof of a fact which the other does not. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, Wiman's convictions for rape and attempted first degree murder do not violate the double jeopardy clause. Because Wiman's double jeopardy claim is without merit, he cannot show actual prejudice and the district court properly dismissed his petition for writ of habeas corpus.

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 14.

3. Ark.Stat.Ann. § 41–1502(1) (1977) provides:
A person commits murder in the first degree if:
   (a) acting alone or with one or more other persons, he commits or attempts to commit a felony, and in the course of and in the furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; or
   (b) with the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person.