SHAWN A. WOMACK, Associate Justice
Reginald Early was convicted of first-degree murder and aggravated robbery for his role in the 1988 killing of Myrtle Holmes. He received a sentence of life imprisonment for each conviction. Early was a minor at the time of the crime. We affirmed Early's convictions on direct appeal. Brown v. State , 315 Ark. 466, 869 S.W.2d 9 (1994). The present appeal stems from Early's petition for a writ of habeas corpus filed in the Lee County Circuit Court. Early made two arguments in this petition below: (1) that the United States Supreme Court's opinion in Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), rendered his life sentence for the nonhomicide offense of aggravated robbery unconstitutional because he was a minor at the time of the offense; and (2) that the Court's decisions in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), forbids the sentence he received even for his homicide offense. The circuit court denied his petition. We affirm.
Early has abandoned his second, Miller -based argument on appeal, and it is, in any case, without merit. As the circuit court correctly ruled, Miller acts to limit sentences of life without parole for juvenile homicide offenders only when the imposition *207 of those sentences was mandatory . See Miller , 567 U.S. at 465, 132 S.Ct. 2455. The sentencing regime for first-degree murder at the time of Early's conviction did not mandate a life sentence, instead allowing for a term of ten to forty years or for a life sentence.
Early does maintain his first argument on appeal. It is not, however, any more availing. Simply put, Graham has no application to Early's case. Though Early did receive a life sentence for a nonhomicide offense as a juvenile, Early's presentation of Graham skips the critical detail that the opinion applies only to "juvenile offender[s] who did not commit homicide. " Graham , 560 U.S. at 74, 130 S.Ct. 2011 (emphasis added). As the Court explained, "[j]uvenile offenders who committed both homicide and nonhomicide crimes present a different situation for a sentencing judge than juvenile offenders who committed no homicide." Id. at 63, 130 S.Ct. 2011. As it is uncontested that Early committed a homicide offense along with his nonhomicide offense, Graham is simply inapplicable.
Finally, Early argues-by his own concession for the first time on appeal-that his sentences for first-degree murder and aggravated robbery are invalid because aggravated robbery was a lesser-included offense of first-degree murder. As Early's reliance for this argument on Brewer v. State , 277 Ark. 40, 639 S.W.2d 54 (1982), makes clear, Early's claim is premised on an alleged double-jeopardy violation. This court has already addressed an identical argument from Early in one of his previous habeas petitions. See Early v. Norris , CV-08-465, 2008 WL 2310967 (Ark. June 5, 2008) (unpublished per curiam). Citing Johnson v. State , 298 Ark. 479, 769 S.W.2d 3 (1989), we held that Early's claim of a double jeopardy violation as presented does not "raise a question of jurisdiction for purposes of habeas corpus relief." Early , 2008 WL 2310967, at *2. That holding remains unchanged; therefore this final argument of Early's also lacks merit.
Affirmed.
Special Justice Sam Terry joins.
Hart, J., dissents.
Wynne, J., not participating.
The majority misunderstands the holding in Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). In Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the Supreme Court stated the holding in a simple and straightforward way: "the [Eighth] Amendment also prohibits a sentence of life without the possibility of parole for a child who committed a nonhomicide offense." 567 U.S. at 470, 132 S.Ct. 2455. The Miller court further referred to the holding in Graham as a "flat ban on life without parole applied only to nonhomicide crimes. " 567 U.S. at 473, 132 S.Ct. 2455 (emphasis added).
The rationale for the Supreme Court's decision in Graham is that embodied with its Eighth Amendment jurisprudence; the punishment for a crime "should be graduated and proportioned to [the] offense." Graham , 560 U.S. at 59, 130 S.Ct. 2011 (quoting Weems v. United States , 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910) ). Accordingly, a sentence must not be grossly disproportionate to the crime. 560 U.S. at 59-60, 130 S.Ct. 2011. The Supreme Court has also determined that "there is a line 'between homicide and other serious violent offenses against the individual.' " 560 U.S. at 68, 130 S.Ct. 2011 (quoting Kennedy v. Louisiana , 554 U.S. 407, 438, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008) ). Accordingly, under the Eighth Amendment-proportionality analysis, even *208 very serious nonhomicide offenses must be treated differently from homicide offenses. Id. The Graham court consequently decided that the prohibition on sentencing a juvenile offender to a life-without-parole sentence was a "categorical rule." 560 U.S. at 81, 130 S.Ct. 2011. Thus, while it is true that Early also was convicted of first-degree murder, Early's sentence for that crime stands on its own.[1]
Accordingly, rather than scouring Graham for dicta, the majority should have employed the following syllogism. Graham banned life sentences for juvenile offenders who commit nonhomicide offenses. Early committed aggravated robbery as a juvenile and received a life sentence for that crime. Aggravated robbery is a nonhomicide offense. Therefore, Early's life sentence for aggravated robbery is illegal on its face.
I dissent.

The majority seems to hold that once a juvenile commits a homicide, the Eighth Amendment does not limit any punishment that the State chooses to impose for a nonhomocide offense committed during the same criminal episode. Carried to its logical extreme, if a juvenile murdered a store clerk, the majority would uphold a life sentence for the offender if he stole a pack of gum on the way out of the store or even the next week. Presumably, the majority would hold that other punishments like branding, flogging, and even keelhauling would not be proscribed by the Eighth Amendment once the homicide threshold has been crossed.